PHILIP MEAGHER v. G. GAGLIARDO, A. GAGLI-
ARDO, AND FRANCISCO GAGLIARDO.

WAIVER OF RIGHT BY PLAINTIFF TO DELAY TRIAL UNTIL ALL THE DEFENDANTS
ARE SERVED.—Where the plaintiff to an action, with full knowledge of his right
to proceed to trial only at his own option against the defendants served, and of
the fact that no service had been made upon one of the defendants, who had left
the State, and that no issue had been joined as to him, first agreed with the
defendants served, without reservation, that the issue between him and them
should be set for trial at a particular day, then asked and obtained a continuance
for the reason solely that his witnesses were not present, and in consideration of
such continuance by consent agreed of record that the case should be set for trial
and be tried on a particular day : Held, that this state of facts clearly constituted
a waiver by plaintiff of his right to delay the trial until said other defendant had
been served or issue joined in respect to him.

IDEM.—In such case the agreements between the parties are not only agreements
between the parties, but between them and the Court, which the latter is bound to
enforce, not only for the benefit of the party interested in their performance, but
for the protection of its own honor and dignity.

APPEAL from the District Court, Thirteenth Judicial Dis-
trict, Mariposa County.

This was an action of replevin. Judgment passed for the
defendants, G. Gagliardo and A. Gagliardo, in the Court
below, and the plaintiff appealed, and assigned for error that
the Court erred in denying his application for a continuance.

The other facts are stated in the opinion of the Court.

*Sharpstein & Hastings*, for Appellant.

No trial of the action could be had until all the defendants
were served, unless the plaintiff elected to "proceed against
the defendants served, in the same manner as if they were
the only defendants." (Pr. Act, Sec. 32.)

It was optional with the plaintiff to proceed against the
defendants served in the manner prescribed in the Practice
Act or not. By doing so, he would virtually dismiss his
complaint against the defendant not served. On no other
condition could he so proceed. It is "against the defendants
served in the same manner as if they were the only defend-
ants" that the statute authorizes a plaintiff to proceed under

such circumstances. The Court in this case transferred the option from the plaintiff to the defendants served, and left it for them to decide whether or not the plaintiff should proceed against them in the same manner as if they were the only defendants.

An action cannot be brought to trial by one or more of the defendants while the others have not been served with the summons nor have appeared in the action. (*Morris* v. *Crawford*, 16 Abb. Pr. 124; *Ward* v. *Dewey*, 12 How. Pr. 193.)

A plaintiff in any case must have time to serve his summons. The length of time to which he will be entitled in any case will depend upon the circumstances of the case. If the defendants served in any case consider themselves aggrieved by the delay in procuring service upon their co-defendants, their remedy is by motion to dismiss the complaint upon that ground. But the plaintiff must have an opportunity to be heard on that motion, and to show, if he can, that the delay is not unreasonable, but unavoidable and excusable. (*Daniels* v. *Patterson*, 3 N. Y. 47–50; *Morris* v. *Crawford*, 16 Abb. Pr. 124.)

*William Hayes*, and *Lewis Shearer*, for Respondents.

The Court below having jurisdiction of the plaintiff and of the defendants G. and A. Gagliardo, and of the subject matter of the action, the agreement between the respective attorneys for the plaintiff and the respondents that the "action should be set for trial and tried" on the 5th of December, upon the issues then joined, was binding and obligatory. (Act relating to Attorneys and Counselors, 1 Hittell's Digest, Art. 399, Sub. 1; 1 Greenl. Ev., Sec. 186; *Blodgett* v. *Conklin*, 9 How. Pr. 442; *Holmes* v. *Rogers et al.*, 13 Cal. 191; *Gillard* v. *Smart*, 6 Cow. 386.)

This agreement was an election on the appellant's part to proceed "against the defendants served in the same manner as if they were the only defendants." (Pr. Act, Sec. 32.)

A stipulation or engagement made by a party in the face

of the Court is a contract with the Court as well as the adverse party, which the Court is bound to enforce for the protection of the latter. (*Banks* v. *The American Tract Society*, 4 Sandf. Ch. 438. To the same effect see *Staples* v. *Parker*, 41 Barb. 648; *Oakley* v. *Aspinwall*, 2 Sanf. Ch. 7.)

By the Court, Sanderson, J. :

The case shows that the action was commenced on the 4th of June, 1867, and that at that time Francisco Gagliardo had left the State, to the knowledge of the plaintiff. That issue having been joined by the other defendants, the case, by agreement, was set for trial on the 7th of August, 1867, the plaintiff not objecting upon the ground that no service had been obtained upon Francisco Gagliardo, and that the case was not at issue as to him. That on the 7th of August the plaintiff, not being ready on account of the absence of witnesses, moved for a continuance until the 12th. That this also was done without any suggestion that he was unwilling to proceed without Francisco. That pending the motion to continue, it was agreed in open Court, and by an agreement entered as an order of Court, that the case should be continued for the term, and should be set for trial and tried on the 5th of December, 1867. That this was also done by the plaintiff without any suggestion that he was not desirous of proceeding to trial in the absence of Francisco, or that he would not be willing to go to trial on the 5th of December, unless before that time the default or appearance of Francisco had been procured. That on the 5th of December, when the case was called for trial, and the defendants who had been served and had answered announced themselves ready, the plaintiff, for the first time, objected to going to trial until the action was also at issue as to Francisco, who had not yet been served, nor had he voluntarily appeared, and that, too, without attempting to assign any reason why, during the six months which had then elapsed since the commencement of the action, no attempt

had been made to obtain either personal or constructive service upon Francisco.

Conceding that Francisco was a proper party, a point we do not decide, the action was, nevertheless, one in which the plaintiff was at liberty to proceed against the other defendants who had been served, (Practice Act, Sec. 32;) and we consider that whatever right the plaintiff may have had to delay the trial until service could have been obtained upon Francisco, was waived by him by the course he pursued. With full knowledge of his rights in the premises, and of the fact that no service had been made upon Francisco, he first agreed, without reservation, that the issue between him and the other defendants should be set for trial at a particular day, then asked for a continuance, not because Francisco had not been served, but because his witnesses were absent; and lastly, agreed of record, in consideration of a continuance by consent, that the case should not only be set for trial, but be tried on a certain day.

After his having thus repeatedly indicated his indifference as to the absence of the defendant Francisco, and his willingness to proceed without him—after his having allowed six months to pass without having made any effort to obtain service upon Francisco—after having put the defendants to the trouble and expense of two preparations for trial, without having, in the remotest manner, intimated that he was not disposed to proceed to trial until Francisco had been served, or had entered a voluntary appearance—the objection of the plaintiff to a trial on that ground, on the 5th of December, without suggesting the slightest reason why his solemn and repeated waivers should be set aside, we do not hesitate to say, has a savor of impudence, and the Judge who would listen for a moment to such a proposition would be trifling with his duty.

Agreements between parties of the character of which this case discloses, are not only agreements between the parties, but between them and the Court, which the latter is bound to enforce, not only for the benefit of the party inter-

ested in their performance, but for the protection of its own honor and dignity. (*Banks* v. *The Am. Tract Society*, 4 Sandf. Ch. 438; *Staples* v. *Parker*, 41 Barb. 648.)

We consider the claim of the respondents, that the appeal is frivolous and taken for delay, well founded. It is therefore ordered that they be allowed five per cent upon the value of the property in suit, as found by the Court below— that is to say, sixty-eight dollars—as damages, and that the judgment of the Court below be affirmed.

Mr. Justice RHODES expressed no opinion.