HENRY BORKHEIM, APPELLANT, *v.* THE NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, RESPONDENT.

PRACTICE.—If an appeal be taken from an order on a motion founded upon affidavits and other documents, they should be each endorsed by the Judge as having been used at the hearing of the motion.

STIPULATIONS NOT BINDING.—A stipulation not in writing and filed with the Clerk, nor entered in the minutes of the Court at the time it was made, is not binding upon the parties, and cannot be enforced by the Court.

IDEM.—B. had several actions against different parties turning upon the same issues, and prosecuted and defended by the same attorneys, respectively. Counsel, with consent of B., stipulated, verbally, in open Court, that but one case should be tried, and the others should abide the result; but the stipulation was not reduced to writing and filed with the clerk, nor entered in the minutes of the Court. *Held,* that the stipulation was void, and could not be afterwards enforced by a *nunc pro tunc* order, directing it to be entered in the minutes of the Court.

APPEARANCE—PRESUMPTION ARISING THEREFROM.—If counsel appears to a motion, the presumption is that he appeared to oppose, and not to consent to the order sought by the motion.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The plaintiff appealed.

The case is stated in the opinion of the Court.

*E. J. & J. H. Moore,* for Appellant.

*First—Plaintiff was not bound by the alleged agreement, under the statute.*

The Act concerning attorneys and counsellors at law, provides as follows : ''An attorney and counsellor shall have authority to bind his client in any of the steps of an action or proceeding, by his agreement filed with the Clerk, or entered upon the minutes of the Court, *and not otherwise.*'' (Statutes 1851, p. 48, Sec. 9.)   The mode he is to pursue in order to bind his client, is here first pointed out, and then fixed by a prohibition.   The judgment shows that the agreement was neither filed nor entered upon the minutes of the Court.   It may also be remarked that the authority of an attorney to dispose *of the whole cause of action* by agreement (if it exists at all under our system), is statutory, and does not arise from the ordinary relation of attorney and client. The statutory mode must therefore be strictly pursued.

*Second—Plaintiff was not bound by the alleged agreement, under the rules of Court.*

Rule XI of the District Courts of the Fourth, Twelfth and Fifteenth Judicial Districts, is as follows :   ''No agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, will be regarded by the Court, unless the same shall have been made in open Court, *and entered in the minutes,* or unless the evidence thereof shall be in writing, subscribed by the party against whom the same may be alleged, or by his attorney.''

*Wilson & Crittenden,* for Respondent :

*First*—There is nothing in the transcript to show upon what, if any, papers or evidence the plaintiff's motion to set aside the judgment was made.   The appeal from the order denying the motion must, therefore, be dismissed, pursuant to the motion made by us to that effect when the case was called.   (*Hoggin* v. *Clark,* 28 Cal. 162 ; *Wetherbee* v. *Carroll,* 33 *Id.* 549.)

*Second*—The stipulation was made in a form to bind the plaintiff, for it was entered into in open Court, announced to the Judge at the moment in open Court and entered on the minutes of the Court. True, the entry was not made on the day, but it was made on a subsequent day of the same term, upon motion, by correcting the minutes, and making the entry *nunc pro tunc*, as of the day of the trial, the plaintiff's attorney appearing on the motion. In effect, this entry was the same as if made at the moment the agreement was announced to the Court, unless it be intended to deny to the Court the power, during the term, to correct its minutes, and make them a true recital of what occurred in the course of its proceedings. Such a position has not been taken by appellant's counsel, and any reference to authority on the point is unnecessary.

The plaintiff can question neither the propriety of the correction, nor the facts on which it was ordered.

The appeal standing upon the judgment roll alone, there is clearly no error.

In the case of *Meagher* v. *Gagliardo et al.* (35 Cal. 602), in speaking of agreements between parties in reference to proceedings before Courts of Justice, this Court said : "Agreements between parties of the character which this case discloses, are not only agreements between the parties, but between them and the Court, which the latter is bound to enforce, not only for the benefit of the party interested in their performance, but for the protection of its own honor and dignity."

We think this Court will be inclined to repeat this remark in the present case, and will be of opinion that so far from committing any error in its ruling, the Court below could have made no other without violating its duty to itself, as well as to the respondent.

SANDERSON, J., delivered the opinion of the Court :

The case shows that the plaintiff had brought separate actions against several insurance companies, to recover losses

caused by the same fire, and that the counsel and the issues in the several actions were the same. That one of them being on trial, it was verbally agreed in open Court between counsel (with the consent of the plaintiff—expressed only to his counsel, however), and so stated to the Court, that the other cases should abide the result of the one on trial; that this occurred on the 17th of November, but the agreement was not filed with the clerk nor entered in the minutes of the Court, and was not so entered until the 11th of December following, at which time it was so entered upon the motion of counsel for the defendant, the plaintiff appearing to the motion by the same counsel who had made the agreement on the 17th of November, but not assenting to the entry. The plaintiff having been defeated in the action which was on trial on the 17th of November, a judgment against him was thereupon entered in this case also.

Afterwards, on the 2d of January following, the plaintiff having retained other counsel for that purpose, proceeding under the 68th Section of the Code, moved the Court to set aside the judgment upon an affidavit showing the foregoing facts, and in addition, that the plaintiff did not fully comprehend the legal effect of the agreement to which he was asked if he would consent, by his counsel, and that he gave his assent without fully understanding or comprehending that he was thereby stipulating away his right to a trial in this and the other cases, and that, after he came to understand it, and before the agreement was entered in the minutes, he informed counsel for the defendant that he was not satisfied with the agreement; and, also, instructed his own counsel to make no further stipulations in relation to this and the other actions; and that thereupon his counsel had informed him that he would act no further in said actions.

The motion to set aside the judgment was denied, and thereupon the plaintiff appealed from both the judgment and the order denying his motion.

On the part of the defendant, it is claimed that the appeal from the order cannot be entertained, for technical reasons affecting the character and authenticity of the transcript upon which it has been presented; but we do not find it

necessary to determine whether the transcript is faulty or not, so far as it relates to the appeal from the order, for the reason that the error of which the plaintiff complains, sufficiently appears upon the judgment roll, and can, therefore, be considered upon the appeal from the judgment. [It is proper, however, to suggest to the members of the bar, in this connection, that if they will take the trouble to request the Judge, at the hearing of such motions, to endorse each affidavit or other document as having been used upon the motion, there will be no difficulty about preparing a transcript on appeal, if one be taken, and, therefore, no occasion for disputes between counsel as to the identity of the papers which were used upon the motion in the Court below.] All the facts except the misconception of the plaintiff as to the nature and legal effect of the agreement of the 17th November, the expression of his dissatisfaction therewith to the counsel of defendant, and his instructions to his own counsel to make no further agreements, are stated in the judgment—that is to say, the judgment shows upon its face that it was rendered pursuant to a *verbal* agreement of counsel made in open Court, on the 17th of November, which was not then entered in the minutes of the Court, but which was so entered nearly a month afterward *nunc pro tunc*, not by consent of counsel for the plaintiff, however, but upon the motion of defendant's counsel, which facts alone, we think, show error sufficient to reverse the judgment.

Although it is recited in the judgment that the plaintiff appeared by counsel, yet it is not recited that he consented to the entry of the verbal agreement *nunc pro tunc*, nor to the judgment in pursuance thereof. If, then, any significance can be attached to his appearance, the legal intendment is, that he appeared to oppose the judgment—for it cannot be considered that one has waived a substantial right, or consented to a proceeding against himself or his client, unless it is expressly so recited. Moreover, the fact that the proceedings of the Court, on the 11th of December, were not had with the consent of the plaintiff, is demonstrated by the fact that if such had been the case there would have been no occasion for a *nunc pro tunc* order.

The only question, then, which we are required to answer, is whether the verbal agreement of the 17th of November was binding upon the plaintiff on the 11th of December.

The question is fully answered by the ninth section of the statute of this State, in relation to attorneys and counsellors, which reads as follows : "An attorney and counsellor shall have authority : First—To bind his client in any of the steps of an action, or proceeding, by his agreement filed with the clerk, or entered upon the minutes of the Court, *and not otherwise.*" \* \* \*

If there be any agreement which an attorney could make which would fall within this provision of the statute, it is certainly the one which was enforced by the Court below against the plaintiff in this case. It appearing, on the 11th of December, that the agreement of the 17th of November, of which counsel for the defendant was seeking the benefit, had not been filed with the clerk, nor entered in the minutes of the Court, there should have been an end to the application of the defendant for a judgment pursuant to its terms ; for it was not only not then binding upon the plaintiff, but it never had been binding, and it was not in the power of the Court, nor any one else, without his consent, or that of his attorney, to make it binding. As the case then stood, no one, except the plaintiff or his attorney of record, could have authorized the entry of this judgment. The consent of the plaintiff, or his counsel, was just as essential on the 11th of December as it had been on the 17th of November.

It would be no misnomer to call the statute a statute of frauds. It declares such agreements null and void, unless they are in writing and filed with the clerk, or have been entered in the minutes of the Court. Of such agreements, therefore, there can be no specific performance. To allow the Court to enforce them, as was done in this case, against the will or without the consent of the parties, is to allow the Court to work the precise mischief which the statute was designed to prevent. Instead of being nullified in that way, the statute ought to be strictly adhered to, for it is the dictation of wisdom. Without it the Court would be frequently annoyed by disputes between counsel concerning their agree-

ments, and thus forced to try innumerable side issues more perplexing than the case itself, attended, also, with delay to its business, and with detriment to the public service.

There is nothing in the case of *Meagher* v. *Gagliardo* (35 Cal. 602), opposed to the view which we have taken of this case. In that case the agreements were entered, *at the time they were made*, in the minutes of the Court.

Judgment reversed and a new trial granted.

CROCKETT, J., having been of counsel, did not participate in the decision.