238 MERRITT *v.* WILCOX. [Sup. Ct.

[No. 4691.]

## SAMUEL MERRITT *v.* P. .S. WILCOX.

VERBAL STIPULATION OF AN ATTORNEY.—An attorney cannot bind his client by a verbal stipulation, made during the progress of a trial, and not entered on the minutes, to waive his rights under an issue made in the pleadings.

IDEM.—If, in an action to recover money, the complaint alleges and the answer denies that it was payable in gold coin, the attorney for the defendant cannot bind his client by a verbal stipulation made during the progress of the trial, and not entered on the minutes, to allow the plaintiff, if he recover, to have judgment in gold coin.

WHAT A GENERAL VERDICT IMPORTS. — A general verdict in favor of the plaintiff imports a finding in his favor upon all the allegations of the complaint material to his recovery; but it does not import a finding in his favor upon an issue as to whether money sued for was payable in gold coin.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The facts are stated in the opinion.

*McAllisters & Bergin,* for the Appellant.

The alleged stipulation should have been by agreement filed with the Clerk. (Code of Civil Procedure, sec. 283, and *Borkheim* v. *North British & M. Ins. Co.* 38 Cal. 628.)

*Geo. A. Nourse,* for the Respondent.

Sec. 283 of the Code of Civil Procedure has no application to a stipulation made in open Court, *in facie curiœ.* (*Staples* v. *Parker,* 41 Barb. S. C. Rep. 650.)

*J. P. Hoge,* also for Respondent.

By the Court, WALLACE, C. J.:

The plaintiff and the defendant, being tenants in common of certain premises in the City of Oakland, agreed with each other to erect a building thereon—each of them to pay one-half the cost thereof.

The building was accordingly erected, and thereupon the plaintiff commenced this action to recover of the defendant the sum of $77,770.26 in United States gold coin, for advances,

payments, and expenditures of money made by the plaintiff for account and benefit of defendant in the prosecution of the work, it being alleged in the complaint that the defendant had promised to repay the plaintiff in United States gold coin whatever sum the plaintiff might advance over and above his own share of the expenditure.

The answer of the defendant, after denials of the various amounts alleged to have been advanced by the plaintiff, specifically denied that any promise to pay in United States gold coin had been made by the defendant—" and denies that it was understood and agreed, or understood or agreed, between plaintiff and defendant respectively, or at all, that said alleged sum of money, or any part thereof, or any sum of money, should be paid in United States gold coin," etc.

In this condition of the pleadings the cause was tried, and the jury found a verdict as follows: " We, the jury in this case, find for the plaintiff in the sum of $70,618.50," whereupon judgment was entered by the Clerk—" that said Samuel Merritt, the plaintiff herein, have and recover of and from P. S. Wilcox, the defendant herein, the sum of $70,618.50, and his costs and disbursements·in this behalf expended, amounting to the sum of $1,018.85." In short, neither the verdict, nor the judgment entered thereon, purported in terms to respond to the issue made in the record, as to the character or kind of money in which the ascertained indebtedness of Wilcox to Merritt should be paid.

The judgment upon the verdict was entered on the 2nd day of January, 1875, and on the 11th day of the same month the plaintiff moved the Court below to vacate it and set it aside, and that judgment *in United States gold coin* be entered in his favor for the sum found by the verdict, " upon the ground that it was stipulated at the trial of said action, in open Court, that whatever judgment might be recovered in said action should be payable in United States gold coin."

This motion was originally supported by the affidavits of the plaintiff, one of his counsel, and a by-stander, supplemented at the hearing by some nine additional affidavits, some of them made by persons who sat as jurors in the case—the general purport of all these being that a *verbal* stipulation had been

made by counsel in open Court at the trial, that the judgment for the plaintiff, if any, should be payable in gold coin.

The motion was resisted by the defendant with some eleven affidavits—one of them by the counsel for the defendant, in which he denied that he made the alleged stipulation, either in substance or effect, in open Court or elsewhere — others by short-hand reporters who had taken down the proceedings at the trial—and yet others by some three of the jurors who had concurred in the verdict, and who swore that in rendering the verdict they knew and intended that the sum mentioned therein would be payable in United States legal tender notes, and not exclusively in gold coin.

On the hearing of the motion, the Court below entered an order vacating the judgment as originally entered by the Clerk, and directing that judgment be entered *payable in gold coin only*, and from that order, and the judgment entered in pursuance thereof, the defendant brings this appeal.

As seen already, in setting aside the judgment as originally entered, and substituting therefor a judgment payable in gold coin only, the Court below held the defendant bound by the agreement alleged to have been made by his attorney, although the agreement had not been reduced to writing and filed with the Clerk, nor entered upon the minutes of the Court.

The statute limiting the authority of the attorney to bind his client is as follows : " An attorney and counselor has authority (1) to bind his client in any of the steps of an action or proceeding by his agreement filed with the Clerk or entered upon the minutes of the Court, and not otherwise." (Code of Civil Procedure, sec. 283.)

We do not understand the counsel for the respondent to claim that the alleged agreement can be supported if the statute be applicable to it; but it is argued that the statute is intended to apply only to agreement of counsel made *en pais*, and not to an agreement made as the one now under consideration is alleged to have been made, *in facie curiæ*. But we are unable to give an assent to the distinction attempted in this respect. The statute has defined, with remarkable precision, and by the use of both affirmative and negative words, the precise limit of the

authority of an attorney to bind his client by his agreement, and it has declared the filing of the agreement with the Clerk, or its entry on the minutes of the Court, indispensable to its validity.

As observed by Mr. Justice SANDERSON: " It would be no misnomer to call the statute a statute of frauds. It declares such agreements null and void unless they are in writing and filed with the Clerk, or have been entered on the minutes of the Court. Of such agreements, therefore, there can be no specific performance." (*Borkheim* v. *N. B. & M. Ins. Co.* 38 Cal. 628.)

The authority of the attorney to bind his client by his mere agreement is, upon the face of the statute, no greater or more effective *in facie curiœ* than elsewhere; and to hold that it is would be not only to add a new provision to the statute itself, but also to let in the mischief against which it was the intention of the statute to shut the door. As further observed by the learned Justice, in his opinion in the case already cited: " Instead of being nullified in that way, the statute ought to be strictly adhered to, for it is the dictation of wisdom. Without it the Court would be frequently annoyed by disputes between counsel concerning their agreements, and thus forced to try innumerable side issues more perplexing than the case itself, attended also with delay to its business and with detriment to the public service."

The wisdom of these views and the absolute necessity of their enforcement in practice is strikingly illustrated by the circumstances of the present case, in which, as seen already, the making of the alleged stipulation is positively supported in some eleven affidavits upon one side, and directly denied in an equal number on the other. Among these are found the opposing affidavits of the respective counsel, each of deservedly high professional reputation, and to neither of whom could any unfairness of purpose be justly imputed. An honest misunderstanding between those gentlemen has undoubtedly occurred; the scope and effect of what one of them said constituting the supposed stipulation has been forgotten by him, or been misapprehended by the other. It is to avoid mistakes such as these, and which are otherwise so likely to occur in the course of a trial, that the statute has been enacted.

It is not necessary, however, for us to hold now that every waiver or consent of counsel, made in the presence of the Court at the trial of the cause, such, for instance, as waiving the required order of proof of the production of evidence the best in degree, or the like, must be characterized as an agreement in the sense of the statute referred to, and must, in order to its validity, be reduced to writing and filed with the Clerk, or entered on the minutes, though ordinary experience in practice would suggest that even in such matters a proper entry made at the time upon the minutes of the Court would better secure that degree of certainty so desirable, if not absolutely essential in the proper administration of justice, and the determination of the rights of parties. But however this may be, the alleged agreement in controversy here is not one of the character supposed, nor one as to which there is any conceivable reason for a relaxation of the statute. While it did not purport to let judgment go for the plaintiff, it, nevertheless, conceded to him, in case of success, a judgment more favorable, more valuable, and, in effect, for a greater sum of money, than he might otherwise obtain. It also operated, by necessary consequence, a substantial amendment of the pleadings; it practically deprived the defendant of the benefit of an important defense interposed by him, and upon which, upon the record, and except for the supposed stipulation, he was entitled to rely. The actual rights of the parties cannot be thus made to rest on the mere verbal agreements of counsel, casually made, and not entered of record. To do so would be to abrogate the statute entirely.

2. It is claimed, however, that upon the verdict, as found, and irrespective of the alleged stipulation, the respondent is entitled to a judgment payable in gold coin only. This is put upon the ground that the general verdict which the respondent obtained operated as a finding in his favor upon all the allegations of the complaint, including the allegation that the defendant had promised to pay in gold coin.

But, in our opinion, this is stating the rule too broadly. A general verdict found for the plaintiff, in a case of this character, imports a finding in his favor upon all the allegations of the complaint *material to his recovery in the action.*

When the plaintiff proved an indebtedness of $70,618.50, presently due from the defendant to himself, he became entitled to the verdict found in this case, and the verdict, as found, imports that such proof was made.    It does not import that the defendant had promised, as alleged in the complaint, to pay the indebtedness in gold coin, for the fact of indebtedness being ascertained, the plaintiff was entitled to a verdict for that sum.    A verdict which ascertains an indebtedness, payable only in a specified kind of money, is so far forth a special verdict, and is exceptional in its character.    It must, by its terms, expressly indicate the kind of money to be paid; and, unless it do so, the judgment entered thereon must be for the recovery of money generally.    The case, in this respect, may be likened to an action brought to recover a debt, in which the plaintiff, in addition to the usual allegations of indebtedness of the defendant, also alleges that such indebtedness was contracted by the defendant fraudulently, and thereupon demands judgment against the person of the defendant—which, like a judgment payable in gold coin, is exceptional in its character.    If in such an action the defendant should deny the indebtedness, and deny the commission of the alleged fraud, it was never supposed that a general verdict found for the plaintiff amounted in itself to a finding against the defendant upon the issue joined as to fraud in contracting the debt; on the contrary, it was held, in *Davis* v. *Robinson*, (10 Cal. 411) that a *special finding* of fraud was necessary to authorize a judgment running against the person of the debtor.    If, indeed, the verdict, as found here, is to be taken as importing a promise upon the part of the defendant to pay in gold coin, then it would follow that, unless the promise to pay in money of that description were established at the trial, the plaintiff must fail, even though he had proven a general indebtedness due to himself from the defendant.    He, in such a case, must submit to a nonsuit; or if a verdict, such as the one now under consideration, were found in his favor, the defendant might have a new trial, not, indeed, upon the ground that the indebtedness had not been proven, but because an agreement to pay in gold had not been shown.

We think that the order of the 15th day of February, setting

aside the judgment of the 2nd day of January, 1875, and the judgment entered in pursuance of that order, should be reversed, and it is so ordered.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.