[S. F. No. 3583.   Department Two.—April 14, 1906.]

## S. EPHRAIM, Appellant, v. PACIFIC BANK et al., Respondents.

ACTION FOR SERVICES — RECEIVER FOR BANK — DEFENSE—SPECIAL CONTRACT—SUPPORT OF FINDINGS.—In an action for services rendered as receiver for a bank in an action by it against a fruit and land company, where the defense was that plaintiff·importuned defendant bank for his appointment, and agreed that, if appointed, he would look solely to crops of fruit which the land would produce for his compensation, and would make no claim against defendant bank, findings upon substantial evidence in favor of such a defense, notwithstanding conflicting evidence for the plaintiff, are sufficiently supported, and will not be disturbed upon appeal.

ID.—CONTRACT WITH ATTORNEY — RATIFICATION BY BANK — EXECUTED CONTRACT—CODE PROVISION INAPPLICABLE.—Where it appears that the special contract pleaded was made with the attorney for the bank before the suit in which the services were rendered was commenced, and the bank ratified the contract by procuring plaintiff's appointment as receiver, such contract was thereby executed on the part of the bank; and the provision of section 283 of the Code of Civil Procedure, requiring contracts by an attorney to be in writing or entered in the minutes of the court is inapplicable to the facts.   That provision applies only to the "steps of an action" after its commencement and pertaining to its conduct.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, for Appellant.

Roger Johnson, and Gavin McNab, for Respondents.

McFARLAND, J.—Plaintiff brought this action to recover of defendants, the Pacific Bank and its directors, etc., quite a large sum of money for services, etc., rendered by plaintiff as receiver of certain lands and premises in a certain action instituted by said Pacific Bank, entitled Pacific Bank et al. *v.* Madera Fruit and Land Company et al.   The findings and judgment were for defendants, and plaintiff appeals from the

judgment and from an order denying his motion for a new trial.

The defense set up in the answer is, briefly, that plaintiff importuned the bank to be appointed receiver in said action of Pacific Bank v. Madera Fruit and Land Company, and promised and agreed that if he should be so appointed he would look solely to the crops of fruit which the land would produce for compensation for his services and expenses as such receiver, and "waived all claim and demand against said Pacific Bank for any liability to him therefor," and "would under no circumstances make any claim against said bank for his services or expenses as such receiver." The court found the above averments in the answer to be true, and found as a conclusion of law that there was no liability of defendants to plaintiff for any sum of money whatever.

The main question in the case is whether the above findings were warranted by the evidence, and we think that they clearly were. Appellant argues that there was not a preponderance of evidence on the side of the findings; but we need not discuss that question, for the question is, Was there substantial evidence to support the findings? And that there was such evidence is beyond doubt. The witness Grant testified that he made the alleged contract on the part of the bank with appellant, and there was considerable other testimony corroborating that of Grant. Appellant testified that no such contract was made, and there was some other testimony which probably tends to support him; but this made, at best, only a case of conflicting evidence.

Appellant contends that the contract as testified to by Grant was not binding on the bank, and therefore not binding on appellant, because Grant made it as the bank's attorney, and it was not in writing, filed with the clerk of the court, or entered upon the minutes of the court, as provided in section 283 of the Code of Civil Procedure. But this contention is not tenable. That section refers only to "steps of an action" after it has been instituted, and pertaining to its conduct; but in the case at bar the contract was made before the commencement of the action. Moreover, the bank ratified the contract by procuring the appointment of appellant as receiver; and, as by procuring such appointment it did all it was required to do under the contract, by that act the contract

became on the part of the bank an executed contract. (See *Ephraim* v. *Pacific Bank*, 136 Cal. 646, [69 Pac. 436].

Appellant has some exceptions to rulings on the admissibility of evidence; but none of them, even if well founded, would be of sufficient importance to warrant a reversal.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.