[Civ. No. 2349.  Fourth Appellate District.—September 22, 1939.]

## FRESNO CITY HIGH SCHOOL DISTRICT, Respondent, v. EARL DILLON, Appellant.

Claude L. Rowe for Appellant.

Dan F. Conway, District Attorney, and W. C. Tupper, Assistant District Attorney, for Respondent.

MARKS, Acting P. J.—This is an appeal from a judgment authorizing the dismissal and discharge of Earl Dillon from his employment as a permanent teacher of the Fresno City High School District. The judgment was rendered after a demurrer to defendant's answer to the first cause of action in the complaint had been sustained and a motion for judgment on the pleadings on the first cause of action had been granted. Nothing seems to have been done as to a second cause of action contained in the complaint. From the view we take of the case, it will not be necessary to give this portion of the pleading any further attention. For brevity we will hereafter refer to the first cause of action as the complaint.

We may thus summarize the allegations of the complaint. It alleges the formation and legal existence of the Fresno City High School District and states the names of its board of education; that defendant was classified as a permanent teacher in May, 1936. It further alleges:

"That plaintiff is informed and believes, and on such information and belief, alleges that defendant for a considerable time prior to, and on the 17th day of February, 1938, was maintaining and conducting a private conservatory of music at number 2983 Tulare Street in the City of Fresno, and gave private instructions in music for compensation in said conservatory, and ever since has been and now is maintaining and conducting said conservatory of music and giving private instructions in music therein."

It is also alleged that on February 17, 1938, plaintiff notified defendant in writing to discontinue his conservatory of music; that on February 22, 1938, "defendant notified plaintiff in writing that he would not comply with said demand"; that on March 24, 1938, plaintiff formulated, filed and served on defendant written charges against him, including a notice

of its intention to dismiss defendant; that within thirty days defendant served on plaintiff a written demand for a hearing on the charges.

Violation of two rules and regulations (subd. 10 of rule IXa, and subd. 1 of rule IXa) were charged. The first rule provides:

"All teachers employed by the Board of Education on full time salary schedule are expected to devote their entire time and energy to the work of the Fresno City Schools, except that: a. Teachers in the day schools may teach as much as two nights per week in night school classes, and teachers handling classes in Naturalization and English for adult beginners may teach as many as three nights per week, provided such service does not constitute more than four and one-half (4½) hours of teaching in any one week. b. Teachers may be employed in choirs and as organists of churches, subject to the approval of the Board. Teachers shall not engage in any other outside employment except by special permission of the Board."

The second rule is as follows:

"All teachers are required to make themselves familiar with the rules that relate to their school duties, with the provision of the State Law, and rules of the board governing the duties of pupils."

In his answer defendant denied that on February 17, 1938, or prior or subsequent thereto "or ever since has been and/or now is conducting such conservatory of music". He also denied that he had violated any of the provisions of subdivision 1 of rule IXa of the rules and regulations of the board of education.

Defendant denied that he notified plaintiff that "he would not comply" with the demand to close his conservatory of music but admitted writing the letter which formed the foundation for this allegation in the complaint. As a copy of this letter is attached to the pleadings the allegations concerning it become unimportant as they cannot contradict the language of the letter.

The charges against defendant, omitting the portions on which the second cause of action is based, are as follows:

"NOTICE OF INTENTION TO DISMISS EMPLOYEE.
"To Major Earl Dillon:
"You are hereby notified that the Board of Education of the Fresno High School District charges that there exists the

following causes for your dismissal as an employee of said district, to-wit:

"1) That in violation of subdivision 1 of Section IXa of the rules and regulations of the Board of Education, you have failed to familiarize yourself with the same, particularly Subdivision 10 of said Section IXa which forbids an employee engaging in outside employment.

"2) That in violation of Subdivision 10 of said Section IXa you have established, and, are conducting, carrying on, and teaching in, a conservatory of music at 2983 Tulare Avenue in the City of Fresno.

"a) That you have admitted such act on your part.

"b) That you have notified the Board of Education that you will not comply with said rule and that you intend to continue to conduct said school and disregard said rule. . . .

"4) That for the causes above stated and for the reason that you refuse to obey a reasonable rule and regulation adopted for the benefit of the pupils of the district you are not a proper person to be in charge of pupils.

"The rule above referred to has been adopted for the protection of the teachers as well as the pupils. If a teacher engages in outside employment it tends to dissipate his energy and make him less efficient. The work of a teacher is a very exacting task and requires his full time and energy. He should, so far as his work will permit, go to his classes each morning refreshed and prepared to give the pupils thorough and efficient instruction. Some teachers may be able to do excellent work and engage in limited outside employment, but the great majority of teachers can not do so, and it is for that reason the rule has been adopted. The first consideration is the welfare of the pupils. The very great majority of teachers recognize the rule is for the betterment of the schools and gladly accept and obey the same. The California School Code, section 5.542, requires you to obey and enforce reasonable rules and regulations of the Board and not to disregard and disobey them.

"Wherefore, you are hereby notified that for the causes and reasons, above stated and set forth, the undersigned intend to dismiss you at the expiration of 30 days from the service of this notice.

"Dated this 24th day of March, 1938."

It is apparent from our analysis of the pleadings that the answer contained denials of two material allegations of

the complaint, namely, (1) that defendant is conducting a conservatory of music and (2) that he had failed to inform himself on the subject of the rules and regulations adopted by the school board. These denials go to the essence of the charges against him and unless there are other factors in the case permitting the trial judge to disregard these denials in the answer, it is clear that the judgment must be reversed. It is elementary that a judgment on the pleadings on motion of plaintiff cannot be entered when the answer raises a material issue or states a substantial defense. (21 Cal. Jur., p. 235, sec. 164 et seq.)

Plaintiff first relies on a letter dated February 22, 1938, written by defendant to Homer C. Wilson, superintendent of schools of Fresno. It is argued that this letter is in effect an admission of the charge that defendant was and is conducting a conservatory of music and that he had failed to inform himself on the rules and regulations adopted by the school board; that it amounts to a flat refusal on the part of defendant to discontinue his conservatory of music; that the genuineness and due execution, not being denied, are admitted.

We do not so construe this letter. It opens with the statement that "I realize . . . it is necessary that you carry out your rules as laid down by your board." Then follows a rather detailed statement of the financial conditions of defendant under which his immediate insolvency would follow if he were required to discontinue his teaching of music outside of school hours. In this portion of his letter defendant states: "I regret that I cannot obey the rule of the board, but conditions have made it utterly impossible." This is followed by a statement that defendant wishes to continue teaching until he reaches retirement age. In closing, he suggests three alternatives as a compromise of his difficulties: (1) that he be permitted to teach undisturbed until the end of the 1937–1938 school year; (2) that he be appointed to continue as a part time teacher of music which would permit outside employment under the rules; and (3) that the rules be modified.

While the letter contained a rather strong statement that defendant "could not" comply with the rules of the board because of his financial condition, there is nowhere any statement that he *would not* comply with them. Taken as a whole and fairly construed, we are of the opinion that the letter is

not a refusal to comply with the board rules, but rather a plea by a greatly disturbed teacher that he be shown consideration and that some way be found out of his difficulties. The only reply to this letter was the notice of intention to dismiss defendant.

The argument that the letter admitted the charge that he had failed to familiarize himself with the rules and regulations of the board is based on the following sentences: "All teachers were doing private work when I entered the system and the rule had been disregarded for many years. I knew nothing of it" (the rule against outside employment). Clearly, this is only an admission that he knew nothing of the rule when he entered the Fresno school system. It is not an admission that he did not thereafter familiarize himself with the rules.

Furthermore, the failure to deny the genuineness and due execution of an exhibit to a pleading only admits "that the copy is a true copy of the original instrument which is a genuine document, signed by the party whose signature it bears, and that it was delivered in the manner prescribed by law". (*Stoneman* v. *Fritz,* 34 Cal. App. (2d) 26, *ante,* p. 26 [92 Pac. (2d) 1035]; sec. 448, Code Civ. Proc.) It does not necessarily and conclusively admit the truth of every fact mentioned in it so that other conflicting facts may not be proved by other proper evidence at the trial.

It should also be observed that the letter was dated February 22, 1938; that the notice of dismissal was dated March 24, 1938; that the complaint was filed April 29, 1938. If we should assume that the letter contained a binding admission that defendant was conducting a conservatory of music in February, that assumption would not preclude defendant from introducing evidence that he had discontinued such business after February 22d, in support of the denials of his answer which we have already outlined. Therefore, the fact that the genuineness and due execution of the letter was not denied does not of itself destroy the effect of the issues tendered in the answer and cannot of itself support the judgment on the pleadings.

Plaintiff maintains that the judgment on the pleadings is supported by the following stipulation set forth in the judgment:

"And the plaintiff and defendant having further stipulated at the oral argument that the only question to be decided by the court was whether or not the rules and regulations adopted by plaintiff were reasonable and nondiscriminatory, or whether the same were unreasonable or discriminatory and in the event the court should hold said rules to be reasonable and non-discriminatory, judgment should be entered for the plaintiff upon said demurrer and said motion; but that if said court should hold said rules to be unreasonable or discriminatory, plaintiff's demurrer should be overruled and said motion for judgment upon the pleadings should be denied, . . . "

Counsel for defendant vigorously and positively denies making any such stipulation. He has produced a reporter's transcript of the proceedings had on June 14, 1938, which contains no reference to or mention of such stipulation. However, the demurrer to the answer and motion for judgment on the pleadings were also argued on June 10, 1938. There is no reporter's transcript of those proceedings. The minutes of the court contain no reference to nor mention of any such stipulation. The agreement was not reduced to writing and filed with the clerk of the court.

Section 283 of the Code of Civil Procedure provides in part as follows:

"An attorney and counselor shall have authority:

"1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise".

The following cases have construed and applied the quoted portion of the section: *Borkheim* v. *North British etc. Co.*, 38 Cal. 623; *Preston* v. *Hill*, 50 Cal. 43 [19 Am. Rep. 647]; *Merritt* v. *Wilcox*, 52 Cal. 238; *Smith* v. *Whittier*, 95 Cal. 279 [30 Pac. 529]; *McLaughlin* v. *Clausen*, 116 Cal. 487 [48 Pac. 487]; *Ephraim* v. *Pacific Bank*, 149 Cal. 222 [86 Pac. 507]; *Webster* v. *Webster*, 216 Cal. 485 [14 Pac. (2d) 522]; *McClellan* v. *State of California*, 119 Cal. App. 535 [6 Pac. (2d) 994]; *Jones* v. *Noble*, 3 Cal. App. (2d) 316 [39 Pac. (2d) 486]; *Skoglund* v. *Moore Dry-Dock Co.*, 11 Cal. App. (2d) 287 [53 Pac. (2d) 1001]; *Price* v. *McComish*, 22 Cal. App. (2d) 92 [70 Pac. (2d) 978]; *Beckett* v. *City of Paris Dry Goods Co.*, 26 Cal. App. (2d) 295 [79 Pac. (2d) 178].

It should not be necessary to review in detail each of the foregoing cases and others that might be cited on the same

subject. It should be sufficient to state that while the strict construction of the code section found in some of the earlier cases has been somewhat relaxed by later decisions, two rules pertinent here seem to be firmly established and to have remained unquestioned.

The first is that where the making of an oral stipulation, executory in effect, which has neither been reduced to writing and filed with the clerk nor entered in the minutes, is denied by one of the parties, the courts will not inquire into the matter but will apply the rule of section 283 of the Code of Civil Procedure. In *Smith* v. *Whittier, supra,* the Supreme Court said:

"If, however, the terms of the verbal agreement are disputed, courts refuse to settle such disputes, or to try a collateral issue for the purpose of determining whether any agreement had been made."

The second rule is that while the courts will generally recognize oral stipulations, not entered on the minutes, that have been executed and that cannot be nullified without doing an injustice to one party, still where an attorney by an oral stipulation not entered on the minutes attempts to stipulate away his client's cause of action or defense, the code rule will be applied and authority from the client to make the stipulation must appear. In *Price* v. *McComish, supra,* the court said:

"At page 386 of volume I of Thornton on Attorneys at Law it is said: 'An attorney certainly cannot bind his client by any unauthorized act which amounts to a total or partial surrender of a substantial right.'

"And with respect thereto, as is attested in 3 California Jurisprudence, page 667, the general rule within this state is that 'an attorney cannot, by virtue of his general authority, bind his client by any act which amounts to a surrender in whole or in part of any substantial right. In harmony with this rule, it has been held in California that an attorney cannot stipulate to pass his client's rights or title to land which is the subject-matter of the litigation. Similarly, it primarily rests with the client and not his attorneys to decide whether or not an amount tendered by the adverse party should be accepted in full satisfaction of a claim for money due.'

"The principal issue involved in the appeal in the case of *Merritt* v. *Wilcox,* 52 Cal. 238, was whether, as against the

allegations in the answer to the complaint, an attorney could bind his client, who was the defendant in the action, by his oral stipulation, not entered in the minutes of the court, to the effect that if the plaintiff should recover judgment, it would be payable in gold coin. The ruling made by the Supreme Court was directly against the proposition that the attorney had any such authority. After quoting section 283 of the Code of Civil Procedure, wherein, in part, it is provided that the authority of an attorney includes that of binding his client 'in any steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, *and not otherwise';* and conceding that in purely procedural matters in the course of the trial of an action the client might be bound by an oral stipulation of his counsel, the court said:

" 'But however this may be, the alleged agreement in controversy here is not one of the character supposed, nor one as to which there is any conceivable reason for a relaxation of the statute. While it did not purport to let judgment go for the plaintiff, it, nevertheless, conceded to him, in case of success, a judgment more favorable, more valuable, and, in effect, for a greater sum of money, than he might otherwise obtain. It also operated, by necessary consequence, a substantial amendment of the pleadings; it practically deprived the defendant of the benefit of an important defense interposed by him, and upon which, upon the record, and except for the supposed stipulation, he was entitled to rely. The actual rights of the parties cannot be thus made to rest on the mere verbal agreements of counsel, casually made, and not entered of record. To do so would be to abrogate the statute entirely.'

"To the same effect, see *Bare* v. *Parker,* 51 Cal. App. 106 [196 Pac. 280], wherein on the trial of the action the principal issue was whether the subject-matter of the litigation was community property. It appears that: 'Nearing the close of the trial counsel for intervener proposed several stipulations that were assented to by counsel for plaintiff. One was that "the property . . . was held by . . . (husband and wife) . . . as tenants in common". Undoubtedly assent was unwittingly given to this stipulation. It negatives the theory of plaintiff's case and would have stipulated him out of court. The trial court appreciated the situation and properly refused

to permit an inadvertence or want of attention on the part of counsel to work what he conceived to be an injustice. "A trial court does not sit as a mere referee in a contest of wits between counsel in the case, but that it is not only within his province, but is his duty, to see that as nearly as possible the issues shall be disposed of on their merits. . . . " (*Farrar* v. *Farrar*, 41 Cal. App. 452 [182 Pac. 989].)'

"Nor does the fact that an admission or stipulation was made in open court by an attorney in the presence of his client necessarily vary the rule. In the case of *Davidson* v. *Gifford*, (1888) 100 N. C. 18 [6 S. E. 718], it was said:

" 'Merely casual, hasty, inconsiderate admissions of counsel in the course of a trial do not bind the client. They are not intended to have such effect, nor does the nature of the relation of attorney and client produce such result. *And this is so, although the client be present when such inconsiderate admissions are made.* It would be rude, indecorous, disorderly, and confusing if the client should interpose to correct his counsel, and disclaim his authority to make such admissions. Neither the court, counsel, nor any intelligent person expects him to do so. And, for the like reason, the client, if examined as a witness, is not required to disclaim such admissions of his attorney, unless he shall be examined by the opposing party for that purpose.'

"From a consideration of the foregoing precedents and authorities, it becomes manifest that even conceding the fact that in the instant case the attorney who represented plaintiff made the statement, in effect, that his client would be satisfied with a 'nominal' judgment in his favor, such stipulation (if it may be so considered) was unauthorized, was not 'filed with the clerk', nor 'entered upon the minutes of the court', and consequently was not binding on plaintiff."

It cannot be doubted that the stipulation, if made in the precise form it appears in the record, stipulated away a defense that if sustained by the evidence, would have resulted in a judgment for defendant.

It must be admitted that the violations of the two rules were correctable faults. No notice to correct them within ninety days was given defendant as required by section 5.653 of the School Code. We have held in a quite similar case where no such notice was given, that the action was prema-

turely brought. (*Fresno City High School Dist.* v. *De Caristo,* 33 Cal. App. (2d) 666 [92 Pac. (2d) 668].)

We therefore conclude that as the purported stipulation stipulated away the very essence of the defense which on the face of the record appears valid; that as the stipulation was not reduced to writing and filed with the clerk nor entered on the minutes of the court; and that as the consent of defendant to the stipulation does not appear, it must be disregarded. It follows that as the answer put in issue material facts, which denials were not waived in the manner provided by law, the motion for judgment on the pleadings should have been denied.

Counsel for defendant has argued a number of constitutional questions in his brief. We have considered them and are not greatly impressed with any of them. It is unnecessary to consider any of them in detail here.

The judgment is reversed with directions to the trial court to deny the motion for judgment on the pleadings and to give defendant a reasonable time within which to amend his answer.

Griffin, J., concurred.