[No. 11186. In Bank. — April 5, 1890.]

F. H. TROPE, RESPONDENT, v. PETER KERNS, APPELLANT.

83  553
121  279

FORECLOSURE OF MORTGAGE — WRIT OF ASSISTANCE — RES ADJUDICATA — EJECTMENT. — A writ of assistance is a summary proceeding which a party who purchases under the foreclosure of a mortgage in his favor may sometimes advantageously avail himself of; but such proceedings are not *res adjudicata* as to many questions that may arise, and a right to the writ does not deprive the party of the fuller remedy afforded by the ordinary action of ejectment.

ID. — REFORMATION OF FORECLOSURE DECREE IN EJECTMENT — SETTLEMENT OF SUIT — CHANGE OF STIPULATION OF PARTIES BY ATTORNEYS. — When the parties to a foreclosure suit have signed a stipulation providing for a judgment and decree for the sale of the land described in the complaint, the attorney for the plaintiff cannot thereafter, without the consent or knowledge of his client, agree to a change of the stipulation so as to exclude a portion of the premises described in the complaint from the decree; and if by inadvertence of the attorneys the decree is made to conform to the stipulation of the parties, and not to the change so agreed upon by the attorneys, the defendant cannot have the decree reformed in a subsequent action of ejectment so as to conform to the stipulation of the attorneys.

ATTORNEY AND CLIENT — AUTHORITY OF ATTORNEY TO COMPROMISE ACTION — WANT OF CONSENT OF CLIENT — KNOWLEDGE OF ADVERSE PARTY. — Though it may be presumed that an attorney acted with the consent of his client in compromising an action, if nothing appears to the contrary,

yet his general retainer as attorney does not give him the power to compromise the rights of his client; and he has no power to make a compromise against or without the consent of his client, if that want of consent is known to the opposite party.

MORTGAGE IN FEE — ESTOPPEL OF MORTGAGOR — AFTER-ACQUIRED TITLE — PRIOR CONDITIONAL GRANT. — The mortgage of a whole lot in fee estops the mortgagor from denying that any part of the estate mortgaged is less than an estate in fee-simple; and the sale under the decree will carry any subsequently acquired title of the mortgagor, and will bind a portion of the lot conveyed to a third party by a conditional grant made prior to the mortgage, if the title reverts to the mortgagor upon breach of the condition at any time subsequent to the date of the mortgage.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*R. M. F. Soto,* and *Hermann & Soto,* for Appellant.

*Geil & Morehouse,* for Respondent.

McFARLAND, J. — Ejectment for a lot of land in Salinas City. Judgment went for plaintiff, and defendant appeals upon the judgment roll.

Plaintiff claimed title through the foreclosure of a mortgage executed to him by defendant, which included the said lot. Plaintiff was the purchaser at the sale under the decree of foreclosure, and the time for redemption having expired, he received a sheriff's deed for the premises.

1. Defendant, in addition to a denial of the averments of the complaint, made a plea in abatement founded on the point that as plaintiff might have had a writ of assistance in the foreclosure suit, therefore he cannot maintain ejectment. This point is not tenable. A writ of assistance is a summary proceeding which a plaintiff may sometimes advantageously avail himself of; but such proceedings are not *res adjudicata* as to many questions that may arise; and a right to the writ does not deprive a party of the fuller remedy afforded by an ordinary action. The cases cited by appellant are not in point;

and we have been referred to no case which restricts a party to a writ of assistance.

2. Defendant filed a cross-complaint, which stated certain facts upon which he contends the decree of foreclosure should have omitted a certain part of the eastern end of the lot, and that, by mistake, such part was included in the decree, and that the mistake was not discovered until the commencement of this action. With respect to this matter, the court finds these facts: In the foreclosure suit the defendant herein, Kerns, and his assignee in insolvency, Franks, and certain other persons, were made parties defendant. All the defendants suffered default except Kerns and Franks, who filed demurrers to the complaint. Afterward an agreement was made between the plaintiff and said Kerns and Franks "that said demurrers were to be withdrawn, and plaintiff was to be permitted to take a judgment and decree for the sale of the land *described in the complaint herein,* and thereupon findings and decree were drawn up in accordance with said agreement, and also a stipulation embodying the agreement of *said parties* as aforesaid; that afterward, on the twenty-seventh day of April, 1880, the attorneys of the respective parties, and also defendant Kerns, appeared in open court, and said attorneys agreed to alter and change said stipulation by inserting therein these words, '*to the base of J. B. Iverson's tank-frame,*' and the same was so altered and changed, and then and there the same was signed by said attorneys of plaintiff and defendants; but neither the said F. H. Trope nor the said Franks, assignee, were in court, or at any time consented thereto or had any knowledge thereof." (The mortgage also included other land than that described in the complaint.) It is further found that the judgment was entered in accordance with the original stipulation of the parties, which embraced the whole of the lot, and not in accordance with the change which the attorneys made, or attempted to make, by which a part of the lot

would have been excluded from the decree. The attorneys intended the decree to conform to their alteration of the stipulation, but by inadvertence of the said attorneys it followed the original stipulation; and " at no time or place did plaintiff, Trope, or defendant Franks, assignee, know of any change in said stipulation, or authorize said change, and the said judgment and decree was entered as they intended and as they had agreed, and not otherwise."

Waiving the questions whether defendant lost by laches any right which he might have had to reform the judgment, and whether the matters set up in his cross-complaint could be used as a defense or remedy in this present action, we think that the judgment in the foreclosure suit should not be disturbed.

To what extent and under what circumstances an attorney can compromise and give away the rights or property of his client is not entirely clear. The subject will be found fully discussed and many authorities cited in *Preston* v. *Hill*, 50 Cal. 43. The decisions which go the furthest in maintaining such power on the part of an attorney admit that, as an abstract proposition, a mere general retainer does *not* give the power, but go upon the theory that, nothing appearing to the contrary, it will be presumed that the attorney acted with the consent and under the direction of the client. But the attorney has no power to make the compromise against or without the consent of the client, if that want of consent is known to the opposite party. (*Preston* v. *Hill*, 50 Cal. 43.) And we think that the case at bar comes fairly within the latter principle. Here the defendant had made an express stipulation with plaintiff himself as to what the judgment should be; he knew what the latter's mind was in the premises; and he knew that plaintiff went away with the expectation that judgment would be entered in accordance with the stipulation. Under these circum-

stances, he had no right to presume that the attorney changed the stipulation with the consent of his client.

3. A few years before the execution of the mortgage the defendant Kerns conveyed to one Iverson a small piece of the eastern end of said lot, upon condition that Iverson would erect, keep, and maintain a well, water-tank, and appurtenances necessary to supply the tank with water, and permit Kerns, his heirs and assigns, to use all the water that he or they might require, the estate granted to terminate when Iverson ceased to maintain said well and tank and supply such water. Iverson constructed the well and tank, and furnished the water until January, 1883, when he closed the well, removed the tank, and ceased to use the land. Under these facts, appellant argues that plaintiff, by virtue of his mortgage and its foreclosure, did not acquire any title to the part of the lot thus conveyed to Iverson upon condition as aforesaid; and a good deal of learning is ingeniously expended on the point. But appellant mortgaged the whole lot in fee, and is estopped from denying that the estate mortgaged is less than an estate in fee-simple; and the sale under the decree carried any subsequently acquired title. (*Vallejo Land Ass'n* v. *Viera,* 48 Cal. 572; *Orr* v. *Stewart,* 67 Cal. 275.)

Plaintiff also claims title under a sale from Franks, assignee in insolvency of defendant; but it is unnecessary to discuss that title.

The findings were sufficient, and we see no error in the record.

Judgment affirmed.

THORNTON, J., SHARPSTEIN, J., PATERSON, J., and Fox, J., concurred.