[S. F. No. 6166. In Bank.—November 4, 1915.]

## MARIE WOERNER, Appellant, v. GUS WOERNER et al., Respondents.

SPECIFIC PERFORMANCE—AGREEMENT TO CONVEY LAND—STIPULATION OF ATTORNEYS NOT AUTHORIZED . IN WRITING.—A stipulation by the attorneys of the parties to an action for divorce, not authorized thereto in writing, that one of the parties shall convey real property to the other, which is not carried into the judgment, is not enforceable, although the parties themselves orally assented to the agreement.

ID.—PART PERFORMANCE—STATUTE OF FRAUDS.—Specific performance of an oral agreement to convey land is enforceable only where there has been part performance sufficient to take the case out of the statute of frauds.

ID.—PAYMENT OF FULL CONSIDERATION NOT PART PERFORMANCE.—The giving of the full consideration,—in this case the surrender of all rights in other community or separate property, and the relinquishment of any right to an allowance in a divorce action for alimony, costs and counsel fees,—is not a sufficient part performance to take an oral contract to convey land out of the statute of frauds, in the absence of entering upon the land or the expenditure of money upon it or of a showing that a gross fraud would be perpetrated on the vendee by denying specific performance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, and Philip C. Boardman, for Appellant.

Percy E. Towne, for Respondents.

SHAW, J.—The object of this action, as disclosed by the complaint, is to correct a mutual mistake in an alleged written contract whereby Adolph Woerner agreed to convey a tract of land to Marie Woerner, and to enforce said contract, as reformed, against Gus Woerner, who, it is alleged, has succeeded to the title of Adolph Woerner, with knowledge of plaintiff's rights. Adolph died after making the deed to Gus. The latter is also made a party as executor of the estate of Adolph, but his representative capacity is not a material fact in the case as finally settled by the findings.

The findings show that the alleged contract was made in the form of a stipulation signed by the attorneys for the respective parties to an action for divorce begun by Adolph against Marie, then pending, a stipulation signed by the attorneys, not by the parties. The court further finds that neither of the attorneys signing the stipulation had any authority in writing to make any agreement for the conveyance of real property belonging to Adolph or Marie, but that Adolph and Marie did make such an agreement, although it was not in writing. The stipulation contained no agreement for the conveyance of land from Adolph to Marie, and it is not found that the failure to insert it in the stipulation was due to a mutual mistake.

An attorney has no general authority to act for his client. His stipulation for a disposition of his client's property cannot bind the client if the attorney had no legal authority to make it, at least not unless it is acted on by the court and carried into the judgment. (*Preston* v. *Hill,* 50 Cal. 43, 51, [19 Am. Rep. 647]; *Trope* v. *Kerns,* 83 Cal. 553, [23 Pac. 691].) Since the attorneys were without written authority to stipulate for the conveyance of land, and the omission of the agreement from the stipulation was not caused by a mutual mistake, it follows that it was of no binding force on the parties with respect to the land. The oral agreement of the parties is all that remains for consideration. The case is reduced by the findings to an action to enforce a parol contract to convey real estate. Such an action is maintainable only where there has been a part performance sufficient to take the agreement out of the statute of frauds.

The oral agreement and the stipulation were made for the purpose of adjusting the property rights of the parties involved in the divorce suit, the object being to settle that part

of the case out of court. In substance, the oral agreement was that in consideration of three thousand dollars, to be paid to her in money by Adolph, and the conveyance of this land to her by him, she would relinquish all interest in any other community property of the marriage and in all separate property of Adolph, and all right to alimony, counsel fees, and costs in the divorce suit. She had filed a cross-complaint for divorce against him, and it was further understood that if she obtained a divorce thereon the decree should be for a divorce, simply, without mentioning property. Another action by her against him for the recovery of personal property was pending, and it was also agreed that she should dismiss that action.

In pursuance of this arrangement a decree of divorce was made and entered in her favor, without mentioning property, the action to recover property was dismissed, and Adolph paid her the three thousand dollars. He did not convey the land to her as he agreed to do, but, in violation of the agreement, conveyed it to Gus Woerner. It is not claimed that she ever took or held possession of the land, or that she made any improvements or expenditures thereon, or that she gave up the possession of any property in consequence of, or in reliance upon, the agreement, or that she had any right in the land in question, aside from her marital rights.

It is a well-settled rule of equity that the giving of the full consideration is not, of itself, a sufficient part performance to take an oral agreement to convey land out of the operation of the statute of frauds, or to authorize a decree for specific performance of such oral agreement. In *Forrester* v. *Flores,* 64 Cal. 24, [28 Pac. 107], the court said: "By an unbroken current of authorities running through many years, it is settled, too firmly for question, that payment, even to the whole amount of the purchase money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract. (Browne on Frauds, sec. 461; Fry on Specific Performance, sec. 403; Story's Equity Jurisprudence, sec. 761.) It is only where the payment is accompanied by a change of possession in the land, or the expenditure of money upon it, on the faith of the oral agreement, and where the failure to perform by the vendor would work a gross fraud upon the vendee, that a court of equity will decree specific performance by compelling the

execution of a deed. (Story's Equity Jurisprudence, sec. 761.) For money paid under an invalid contract, the party who pays has an adequate remedy at law." In *Edwards* v. *Estell*, 48 Cal. 194, 197, referring to the doctrine that payment of the purchase money, alone, will not be regarded as part performance, the court said: "The term 'purchase money,' as employed in the proposition above stated, comprehends the consideration, whether it be money or property, or services, for which the lands are to be conveyed, and it is not limited to money alone."

By the terms of the agreement the consideration to be rendered by Marie for the land to be conveyed to her was the giving up of all her rights in other community or separate property, and of her right to any further allowance in the divorce suit by way of alimony, costs, and counsel fees. It was the relinquishment of a property right unaccompanied by possession, and nothing more. As there is no allegation and no presumption that there was any other realty of the community, it is to be assumed that she yielded an interest or right in personal property only. The case does not even come within the terms of the concession made for argument's sake in the opinion in *Swain* v. *Burnette*, 89 Cal. 564, 569, [26 Pac. 1093], to the effect that a conveyance by one party to an oral agreement for the exchange of lands might be a sufficient part performance to authorize the court to enforce the agreement, for there was no agreement for the division of lands. Under the authorities above cited, she has done nothing more, in part performance, than to render the full consideration in property rights. For this she has an adequate remedy by an action to recover the value of the personal and property rights she relinquished. The court below correctly concluded, upon its findings, that the plaintiff was not entitled to specific performance or other relief in her action.

The judgment is affirmed.

Melvin, J., Henshaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.