[Civ. No. 1455. Second Appellate District.—May 20, 1916.]

CHARLES METTLER, Respondent, v. WARREN VANCE
et al. (a Copartnership), etc., Appellants.

SALE—FAILURE TO DELIVER WITHIN TIME—RESCISSION.—Where a contract for the sale of an automobile provides for the delivery of the machine within thirty days from the date of the contract, and the vendor fails to make such delivery within such time, and time is of the essence of such contract, the vendee is entitled to rescind and recover whatever he has paid under the contract.

ID.—BREACH OF CONTRACT—TIME OF PERFORMANCE.—A contracting party is not excused from performing his contract within the time agreed upon, further than that in certain contracts failure to perform strictly to contract, as to time, does not authorize the other party to rescind.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

William Ellis Lady, for Appellants.

Carroll E. King, for Respondent.

SHAW, J.—This is an appeal by defendants from a judgment rendered in favor of plaintiff, and from an order denying their motion for a new trial.

As alleged in the complaint, plaintiff and defendants, on October 4, 1912, entered into a written contract whereby the latter agreed to sell and deliver to plaintiff, within thirty days from said date, an automobile described therein as a Model No. 22, 40 h. p., Marquette roadster, the agreed price of which, with extra equipment, was fixed at $3,223.50, upon which price defendants allowed plaintiff the sum "of $723.50 for advertising," and seven hundred dollars for a Wescott automobile owned by him and which he then and there transferred and delivered to defendants, and also paid them one hundred dollars in cash, all of which sums were by defendants acknowledged as being received and applied upon the purchase price of the Marquette roadster sold and agreed to

be by defendants delivered to plaintiff.   By the terms of the agreement plaintiff agreed to pay to defendants the balance of the purchase price of said car, namely, one thousand seven hundred dollars, when the Marquette roadster should be delivered to him.   Defendants neglected and refused to deliver the Marquette roadster as agreed; whereupon plaintiff, on November 6th, demanded the return to him within three days of the Wescott car, together with the one hundred dollars in cash, transferred and paid on account of said purchase price, which demand was refused.   Thereupon plaintiff brought this suit, praying for a rescission of the contract, and the return of the Wescott car and the one hundred dollars so transferred and paid to defendants.

While inartificially drawn, we are of opinion the complaint, the substance of which is stated, was sufficient as against the general demurrer interposed by defendants.   The result of defendants' refusal to deliver the car in accordance with the contract constituted a failure of the consideration upon which plaintiff delivered the Wescott car to them.   (Civ. Code, sec. 1689, subd. 2.)   Moreover, a rescission on the part of defendants was implied by their refusal to comply with the contract, in which plaintiff acquiesced, thus effecting a rescission by consent.   (*Cromwell* v. *Wilkinson*, 18 Ind. 365.)   Hence, the parties stood toward each other as though no contract existed, and defendants being in possession of plaintiff's property, to which they had no right or title, and refusing to return and redeliver the same, he was entitled to maintain an action therefor.

Appellants devote a large part of their brief to a discussion as to whether or not, as found by the court, time was the essence of the contract, without which they claim it could not be rescinded.   According to our view of the complaint, as stated, this question becomes unimportant, for ''neither at law nor in equity is a contracting party excused from performing his contract within the time agreed upon, further than that in certain contracts failure to perform strictly according to contract, as to time, does not authorize the other party to rescind.'' (*American Type etc. Co.* v. *Packer*, 130 Cal. 459, [62 Pac. 744].)   Strictly speaking, the right of plaintiff to rescind depends not upon the question as to whether or not time was mentioned in the contract as being the essence thereof, but whether defendants' failure to per-

form the contract was a breach of a substantial part thereof for which damages would be an inadequate compensation. (*Harlan* v. *Stufflebeem,* 87 Cal. 508, [25 Pac. 686].) Upon evidence sufficient to justify the same, the court found that time was the essence of the contract. Conceding that before one party can rescind he must place the other in *statu quo,* such rule has no application here, since plaintiff under the terms of the contract had received nothing whatsoever from defendants.

The nature of the contract was such that damage due to delay in the performance thereof, so far as it affected plaintiff, was not capable of ascertainment (Civ. Code, sec. 1492), and hence defendants' offer of performance at a later date, and after the commencement of this suit, thus disregarding the question of time found by the court to be a substantial part of the contract, imposed no duty upon plaintiff to accept the tardy offer, but left him free to pursue his remedy by rescinding the contract and recovering the property, or the value thereof, which he had transferred to defendants on account of said purchase.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1916.