[Civ. No. 256.  Fourth Appellate District.—July 21, 1930.]

M. A. BURNS, Appellant, v. BELLE McCAIN, Respondent.

Curtis Hillyer for Appellant.

W. Jefferson Davis, E. V. Winnek and A. Schoonover for Respondent.

CARY, P. J.—The case comes up on the judgment-roll. The question presented is whether, under the circumstances disclosed, the court should enforce the provisions of a stipulation for the compromise of this action.

Plaintiff brought action against Belle McCain and the executor of the last will and testament of her husband to recover $21,000. Belle McCain, hereinafter referred to as defendant, answered, denying the debt. Thereafter counsel for plaintiff and defendant signed a stipulation as follows:

"It is hereby agreed between the plaintiffs and defendant Belle McCain, through their respective attorneys, that they will compromise the demands of the Plaintiff for the sum of $2138.00 cash; upon the payment of said amount plaintiff will dismiss said action as to all defendants.

"CURTIS HILLYER,

"WAYNE COMPTON,

"Attorneys for Plaintiff.

"W. JEFFERSON DAVIS,

"SCHOONOVER & WINNEK,

"Attorneys for Defendant Belle McCain."

Across the face of the stipulation is written the words: "To be kept strictly confidential at this time." This stipulation was retained by counsel for plaintiff for some ten months. The money called for in the stipulation not having been paid, counsel for plaintiff then filed the stipulation and with it a motion for judgment in accordance therewith. Defendant resisted this motion on the ground that her counsel had only been authorized to compromise this case provided certain other litigation was also settled at the same time—a condition which had never been fulfilled. The motion was denied. Plaintiff then filed a supplemental complaint setting forth the stipulation and praying judgment in accordance with its terms. At the trial plaintiff presented no evidence in support of the original cause of action for $21,000, but relied solely upon this stipulation and sought judgment for the sum of $2,138. The court found in part as follows:

"(5). That at the time said Belle McCain authorized her said Attorneys to compromise this case, she imposed a condition on them not to settle this litigation unless other litigation then pending to which neither this plaintiff nor her assignor was a party was also settled. That said other litigation was never settled. (6). That the attorneys for said Belle McCain did not inform her that they signed said stipulation and she did not know of its existence until the same was filed with the Court on the 20th day of January, 1927. (7). That defendant, Belle McCain, never personally informed plaintiff or her counsel that she had authorized her Attorneys to settle this present case, nor did plaintiff or her counsel at any time before January 20, 1927, have any other information about the nature or extent of any author-

ity given by defendant, Belle McCain, to effect a settlement of the same than is implied from the fact that defendant's counsel entered into negotiations for such settlement and into said stipulation. That no notification of said or any limitation upon the authority of counsel of defendant, Belle McCain, was ever at any time prior to said 20th day of January, 1927, communicated to plaintiff or plaintiff's counsel. (8). That between the execution of said stipulation and said 20th day of January, 1927, the defendant, Belle McCain, did not attempt to withdraw from said stipulation nor give any intimation to plaintiff or plaintiff's counsel that defendant did not intend to be bound by said stipulation or that she made any claim that there was any limitation or condition upon the authority of her counsel to sign and deliver, but upon so learning of the existence of said stipulation the said defendant did, on the 7th day of February, 1927, file with the Court her objections to plaintiff's motion for judgment on said stipulation in which she set forth the limited authority granted by her to compromise this case and her lack of knowledge of the existence of said stipulation as hereinbefore found, and said defendant has ever since stood on said objections.''

The court concluded that the stipulation should not be enforced and gave judgment for defendant, from which judgment this appeal is taken.

█ The mere employment of an attorney to represent a client in litigation does not carry with it the power to compromise that litigation. (6 Cor. Jur. 659, sec. 175; 2 R. C. L. 995, sec. 75.) █ Appellant contends, however, that since counsel for defendant was expressly authorized to compromise the case, that fact, when considered with the other circumstances, entitles plaintiff to have the compromise enforced, even though counsel for defendant did not follow the directions of their client regarding the compromise. It is argued that the compromise was just and reasonable in its terms, and that under the circumstances courts are disinclined to disturb compromises. Several cases are cited in support of this principle. Examination reveals that in every case not only had the compromise actually been completed, but a considerable period of time had been allowed to elapse before any effort was made to set the compromise aside. In the case at bar no compro-

mise had actually been completed. There was merely an agreement to compromise. It seems clear that a distinction should be drawn between a situation where one attempts to set aside a compromise already completed and where one attempts to enforce an agreement to compromise. This distinction is even recognized in a case cited by appellant (*People* v. *Quick*, 92 Ill. 580), where the court refused to set aside a compromise which had been fully completed, but said at page 582: "If the agreement had not been consummated, or if want of authority had been shown before the term at which the judgment was rendered had been adjourned, the court would have refused to carry it out." To the same effect are the remarks in *Woerner* v. *Woerner*, 171 Cal. 298, at 299 [152 Pac. 919], where the court said:

"An attorney has no general authority to act for his client. His stipulation for a disposition of his client's property cannot bind the client if the attorney had no legal authority to make it, at least not unless it is acted on by the court and carried into judgment. (*Preston* v. *Hill*, 50 Cal. 43, 51 [19 Am. Rep. 647]; *Trope* v. *Kerns*, 83 Cal. 553 [23 Pac. 691].)"

█ Appellant next contends that defendant is estopped to deny the authorization to sign the stipulation.

He argues ingeniously as follows: (1) Counsel for defendant knew of the execution of the stipulation since they signed it. (2) The attorneys having such notice, the constructive notice thereof to the principal is conclusive and cannot be rebutted by showing that the agent did not in fact impart the information so acquired. (3) The finding of the court that defendant did not know of the execution of the stipulation until ten months after its execution is therefore erroneous as a matter of law and should be disregarded. (4) The defendant having known of the stipulation and for ten months taken no steps to set it aside and plaintiff during those ten months having delayed bringing the action to trial, the defendant is estopped to deny the original authority.

But this argument fails to take into consideration an exception to the rule of imputed notice. Granting that notice to the agent is notice to the principal, there is, however, a definite exception to this rule, namely, that where the agent acts contrary to his authority the knowledge of the agent

of such conduct is not imputed to the principal. In passing on a contention somewhat similar to the one made here the court in *Palo Alto etc.* v. *First Nat. Bank,* 33 Cal. App. 214, said at pages 224, 225 [164 Pac. 1124, 1129]:

"The contention resolves itself to this: that the principal, if he has knowledge of the exercise by the agent of certain powers, is bound by the act of the agent, and he must be held to have such knowledge from the fact that the agent knows of it himself. Such doctrine, of course, could not be maintained, as it would place it within the power of an agent to bind the principal to any course of conduct however foreign or obnoxious to the authority actually conferred."

It is therefore clear that the findings must control on this point and we must assume that defendant had no knowledge of the stipulation until January 20, 1927. She promptly denied the authority of her counsel to execute it and has at all times since resisted its enforcement. Thus she cannot be held to have impliedly assented thereto. Furthermore, another essential to the creation of an estoppel is lacking, the detriment to the plaintiff. Here there was no showing that by reason of the ten months' delay plaintiff was prevented from presenting all necessary evidence in the case. It affirmatively appears that plaintiff at the trial did not even attempt to prove her original cause of action. Also, the findings are silent as to plaintiff's suffering any detriment and in support of the judgment we must presume that there was none.

Appellant contends that the defendant may not hide behind secret restrictions placed upon the authority of her counsel. In support of this contention he cites the rule that secret limitations on the general authority of an agent can have no effect on a third party who deals with the agent in good faith, in ignorance of those limitations and in reliance upon the apparent authority with which the principal has clothed him. We have carefully examined the cases cited in support of the contention that this principle is applicable to the facts in the case at bar. In each case, however, it will be found that some act or omission of the principal, of which the other party had notice, would have justified that party in assuming that there were no restrictions on the agent's authority, and that to have enforced the secret re-

strictions would have worked an injustice under the circumstances. The facts in the case at bar present no such situation.

■ Appellant's final contention is that plaintiff was entitled to rely on the ostensible authority of defendant's counsel. In support of this assertion cases are cited to the effect that a stipulation of the attorney will be presumed to have been authorized by the client. But where, as in the case at bar, the client, upon learning of the stipulation and before the consummation of the compromise notifies the court and his adversary that the same was without authorization, this contention must be overruled, for in *Preston* v. *Hall*, 50 Cal. 43, at 54 [19 Am. Rep. 647], the court says:

"Whatever presumptions the court or the adverse party might ordinarily be authorized to make, as to the authority of an attorney who proposes to compromise his client's cause of action, all such presumptions must cease, when the client, before the transaction is consummated, notifies the court and his adversary, in the most formal manner, that his attorney has acted without authority, and that he repudiates the bargain."

■ As a corollary, appellant argues that if one attorney may never presume with safety that opposing counsel has the authority which he assumes to possess, it would then be necessary in every instance for each attorney to contact the other's client to check up on this authority—a practice which would violate the well-established ethics of the profession. Members of the legal profession constantly deal with each other on matters of great importance, relying upon the fact that each has the authority which he assumes to possess and if this were not possible much inconvenience would result. There is, therefore, considerable force in appellant's contention. Quite frequently an attorney will exert every effort to make good his verbal promises to opposing counsel and it is a common practice when the client refuses to be bound by his attorney's stipulation for that attorney to terminate the relations between them. But the high plane upon which attorneys customarily place their agreements with each other cannot be allowed to overthrow the well-established principles of the law of agency, where the rights of the clients as between themselves are concerned.

We have carefully examined the authorities cited by appellant in his brief, which give evidence of commendable diligence in research, but for the reasons stated above have decided that the conclusion reached by the trial court was correct.

The judgment is affirmed.

Barnard, J., and Ames, J., *pro tem.*, concurred.