[Civ. No. 8832. Second Appellate District, Division Two.—December 24, 1934.]

GLEN W. JONES et al., Respondents, v. WILLIAM B. NOBLE et al., Appellants.

Kidd, Schell & Delamer and Walter H. Hewicker for Appellant The Frank Meline Company.

Francis D. Adams, DeForrest Home and Robert Clifton for Respondents.

WILLIS, J., *pro tem.*—This is an action to recover on a compromise agreement made by the attorneys of record

representing appellants in an action previously commenced by respondents against appellants, other than Union Indemnity Company, for damages for personal injuries alleged to have been caused by such appellants. Appellant Union Indemnity Company, which it was stipulated was public liability carrier for appellants The Frank Meline Company and Wailes-Smith Company, in its answer admits that it accepted respondents' offer to compromise such personal injury litigation for $5,000, but alleges that it accepted such offer under a mistaken belief that the driver of the automobile who was charged with the direct negligence in that action was an employee of the other appellants named as defendants therein. As a special defense this appellant alleges that such compromise agreement was later canceled, rescinded and abrogated by it, and that respondents consented to and acquiesced therein; that thereafter respondents proceeded to bring the personal injury action on for trial and asked and received leave to file an amended complaint therein, and that said cause is still pending upon said amended complaint.

The remaining appellants, other than Noble, filed answers and denied in positive manner that they or either of them offered or agreed to pay the sum of $5,000 to respondents in compromise or settlement of said action, and allege as a special defense that if any such agreement was made it had been canceled, rescinded and abrogated by mutual consent of the parties. As a further defense they allege that if any such contract was made it was made under mutual mistake as to the employer of the driver, Noble, at the time of the accident complained of. As a further defense they plead the subsequent conduct of respondents in proceeding with the trial of the personal injury case as above stated.

The undisputed facts in the case are that during the pendency of the personal injury action the attorneys appearing of record for, and representing all defendants therein, and who are appellants herein except Union Indemnity Company, made an offer in writing over their firm name and signature to the attorney appearing for plaintiffs therein, respondents herein, to compromise the case for $5,000, which offer the latter attorney accepted on December 8, 1930. On December 9, 1930, the Union Indemnity Company delivered to appellants' attorneys a draft for $5,000 payable to re-

spondents and their attorney. Within a day or so respondents' attorney called on appellants' attorney, in response to request to call and receive the draft, but on arriving was informed that the claim agent of the indemnity company had told the attorneys not to pay and that the draft would not be delivered. On December 11, 1930, the draft was returned to the indemnity company. On January 9, 1931, respondents filed a motion to advance on the calendar and set for trial the personal injury action, which motion was granted and the cause set for trial. Thereafter continuances were had and amended pleadings filed, until by stipulation the case went off calender on February 15, 1932. In the meantime, on June 10, 1931, coincident with the filing of their second amended complaint in the personal injury case, respondents filed their complaint in this action, which came on regularly for trial on April 5, 1932, while the other case was still pending in court in the status of "off calendar".

After trial of the instant case the court below found, on conflicting evidence, that respondents had executed and delivered to appellants a dismissal with prejudice of the personal injury action upon acceptance of the compromise offer. The court further found that appellants, and each of them, had agreed to pay $5,000 in full settlement and compromise of such action, that there was no mistake as alleged in the answers and that the compromise agreement had not been canceled, rescinded and abrogated by mutual consent; that subsequent to the compromise agreement respondents proceeded to bring the personal injury action on for trial, that they amended their complaint therein and that said action is now pending on the amended complaint; that such conduct did not constitute an abandonment or rescission of the compromise agreement, and that appellants had in their possession said dismissal with prejudice at all times since said compromise agreement had been made, and that it was always within their power to file said dismissal and terminate said action.

On this appeal only one point is presented by appellants in their opening brief, namely, that the evidence fails to support the finding that the compromise agreement had not been canceled, rescinded and abrogated by mutual consent. In a supplemental brief filed by leave of court they present

the additional point that an attorney, simply by virtue of his general employment in a case and without special authorization from his client, cannot bind the latter by an offer of settlement accepted by the other party to the litigation.

By the positive denial in the answers of the allegations in the complaint respecting the execution of the compromise agreement, the authority of the attorneys of appellants was placed in issue and the burden was cast on respondents to present proofs in support of their allegations. None was presented, except the written offer of the attorneys of record of the parties defendant in the personal injury case, and the letter of Union Indemnity Company approving such offer, coupled with its answer herein admitting execution of such agreement.

It is settled law in California that the mere employment of an attorney to represent a client in litigation does not carry with it the power to compromise such litigation. (*Preston* v. *Hill,* 50 Cal. 43 [19 Am. Rep. 647]; *Trope* v. *Kerns,* 83 Cal. 553 [23 Pac. 691]; *Burns* v. *McCain,* 107 Cal. App. 291 [290 Pac. 623]; *Woerner* v. *Woerner,* 171 Cal. 298 [152 Pac. 919]; *Knowlton* v. *Mackenzie,* 110 Cal. 183 [42 Pac. 580].) Section 283 of the Code of Civil Procedure provides that an attorney shall have authority to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court, *and not otherwise.* This recognizes authority of the attorney in a case to bind his client in all matters pertaining to the conduct and management of the suit by agreements made either *en pais* or *in facie curiae,* by filing such agreement with the clerk or its entry on the minutes. This is indispensable to its validity. (*Merritt* v. *Wilcox,* 52 Cal. 238.) In those agreements of an attorney that are not directly connected with the procedure of the court in which the cause is pending or with the conduct of the trial, but which have been made and acted upon by the court, the only ground upon which it is held—in order to uphold the court as well as to protect the other litigant—that a client is bound by such agreement of his attorney is the presumption that the client has given authority to his attorney to make such agreement. (*Knowlton* v. *Mackenzie, supra.*) But this rule attaches only to exe-

cuted agreements of the attorney not filed with the clerk or entered on the minutes, not to executory agreements not so filed or entered on the minutes, of which our Supreme Court has said: "Of such agreements, therefore, there can be no specific performance." (*Borkheim* v. *North British & M. Ins. Co.*, 38 Cal. 623; *Smith* v. *Whittier*, 95 Cal. 279 [30 Pac. 529].) ▋ When such authority is challenged and want of authority put in issue in an action to enforce such an agreement for breach of performance, there must be evidence showing the giving of such authority to compromise, or of consent thereto or ratification thereof by the client, or of execution of a compromise agreement by the client himself, which will support a finding that the client made the agreement. ▋ Herein no such evidence was given relating to authority or ratification, except in respect to appellant the Union Indemnity Company. Nor was any evidence offered or received to show that the other defendants ever authorized Union Indemnity Company to make or bind them with any compromise agreement. Its agreement, therefore, was not binding on the other defendants in the absence of proof of consent thereto or approval thereof by them. (*Commercial Union Assurance Co.* v. *American Cent. Insurance Co.*, 68 Cal. 430 [9 Pac. 712].) It follows that the finding of the court that the other appellants promised to pay said $5,000 is not sustained.

Since the filing of this appeal and appellants' opening brief it is made to appear to this court by counsel for both the appellants and respondents that the judgment appealed from has been satisfied of record by respondents as to appellants Capistrano Beach Sales Company, Wailes-Smith Company and Petroleum Securities Company. Also, it is conceded that appellant William B. Noble was neither served with summons nor appeared or answered in the court below. Hence it follows that no judgment now exists against the appellants as to whom satisfaction has been entered and that the judgment against Noble is void and is appealable and he is entitled to have it set aside. (*Merced Bank* v. *Rosenthal*, 99 Cal. 39 [31 Pac. 849, 33 Pac. 732]; *Faias* v. *Superior Court*, 133 Cal. App. 525 [24 Pac. (2d) 567].) This leaves Noble, Union Indemnity Company and The Frank Meline Company as surviving appellants herein.

Inasmuch as the judgment against William B. Noble and The Frank Meline Company must be reversed for the reasons above given, there remains for consideration only the contention that the compromise agreement as made and approved by Union Indemnity Company was thereafter canceled, rescinded and abrogated by mutual consent. ∎ A rescission or abandonment by consent may be implied from the acts of the parties. (*Newell* v. *E. B. & A. L. Stone Co.*, 181 Cal. 385 [184 Pac. 659, 9 A. L. R. 993]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Tompkins* v. *Davidow*, 27 Cal. App. 327 [149 Pac. 788].) And a rescission by consent is implied by the refusal to comply with the contract, in which the other party acquiesced. (*Mettler* v. *Vance*, 30 Cal. App. 499 [158 Pac. 1044]; *Carter* v. *Fox*, 11 Cal. App. 67 [103 Pac. 910].) The facts in this case more nearly describe a case of an abandonment of the contract by one party, followed by alleged acquiescence of the other. ∎ Whether a contract has been abandoned presents a mixed question of law and fact. (*Ross* v. *Tabor*, 53 Cal. App. 605 [200 Pac. 971].) Herein the lower court found that the acts and conduct of the respondents in prosecuting the personal injury action after the execution and repudiation of the agreement of compromise, which we hold herein was made by appellant Union Indemnity Company only, "did not constitute an abandonment or rescission of the agreement".

∎ An originally valid compromise agreement to settle and discharge all claims in a pending action for money remains in force until performed in full or rescinded, and if not rescinded such an agreement is a bar to such action. (*Westerfeld* v. *New York Life Ins. Co.*, 129 Cal. 68 [58 Pac. 92, 61 Pac. 667].) It is well understood that the making of a valid compromise agreement to settle claims for money which are stated in a cause of action in a pending suit in court extinguishes the cause of action, the compromise agreement becoming successor to or substitute therefor. (*Armstrong* v. *Sacramento Valley R. Co.*, 179 Cal. 648 [178 Pac. 516].) This, however, occurs ordinarily where parties to the action make the agreement. ∎ Herein we have a case where the agreement was made by plaintiffs in the action with an insurance carrier of some of the defendants, the insurance carrier not being a party to the action.

There being no privity of contract or duty between the plaintiffs and the insurance carrier in relation to the cause of action sued upon, and no evidence whatever that the defendants in the action had authorized or ratified any compromise agreement of the carrier, such an agreement, while still executory and unperformed, would not extinguish the cause of action nor constitute a bar to its prosecution. The acts and conduct of plaintiffs in such pending action in prosecuting the same and bringing it on for trial cannot, therefore, be said to constitute proof of consent to the repudiation of the compromise agreement by the insurance carrier, nor proof of abandonment thereof by such plaintiffs. The finding and conclusion of the trial court that the compromise agreement had not been rescinded by mutual consent is sustained by the evidence and is correct under the law.

Judgment against William B. Noble and The Frank Meline Company is reversed. Judgment against Union Indemnity Company is affirmed.

Stephens, P. J., and Crail, J., concurred.