[Civ. No. 19631. Second Dist., Div. One. Aug. 13, 1953.]

NELL S. ROBINSON, Respondent, v. ALBERT EDWARD HILES, Appellant.

Wanzer & Litwin and Charles S. Litwin for Appellant.

Frank J. Kanne, Jr., for Respondent.

WHITE, P. J.—This is an appeal by defendant, Albert Edward Hiles, from an order of the trial court vacating and setting aside a dismissal with prejudice and restoring the cause to the calendar for trial. Plaintiff's motion for such order was filed some two months and four days after the aforesaid dismissal with prejudice was filed.

Upon the hearing of said motion, the only facts presented were those contained in the affidavits of plaintiff, Nell S. Robinson, and of Charles S. Litwin, one of the attorneys for defendant. Epitomizing the factual situation as presented in the aforesaid affidavits, it appears that plaintiff herein, by and through her attorneys of record, filed an action against defendant, Albert Edward Hiles, to recover damages for personal injuries allegedly suffered as a result of the claimed negligence of defendant in the operation by him of an automobile. Defendant filed an answer to plaintiff's complaint through Messrs. Wanzer & Litwin, his attorneys of record.

According to the affidavit of Attorney Litwin, representing defendant, the original attorneys for plaintiff commenced negotiations with defendant's counsel looking toward a compromise and settlement of plaintiff's claim. Following such negotiations between counsel for the respective parties, an oral agreement was entered into whereby plaintiff's then attorneys accepted the sum of $600 by way of compromise and in full settlement of her claim, and said attorneys further agreed to dismiss said personal injury action with prejudice.

Thereafter, and on or about the 4th day of June, 1952, plaintiff's then attorneys forwarded to defendant's attorneys a dismissal with prejudice, with a letter authorizing the filing of said dismissal upon receiving a draft in the sum of $600 in favor of plaintiff and her attorneys. On or about the 6th day of June, 1952, defendant's attorneys forwarded to C. Ransom Samuelson and Robert A. Wenke, attorneys of record

for plaintiff, a draft in the sum of $600, payable to plaintiff, Nell S. Robinson, a widow, and her attorney, C. Ransom Samuelson, and on the same day caused the dismissal with prejudice to be filed of record in said cause with the county clerk.

On September 4, 1952, Frank J. Kanne, Jr., was substituted by plaintiff as her attorney of record in place of C. Ransom Samuelson and Robert A. Wenke, and notice thereof was duly served upon the attorneys for defendant.

On September 10, 1952, plaintiff, through her present attorney, filed her "Notice of Motion to Vacate and Set Aside Dismissal with Prejudice and to Restore Case to Trial Calendar." The motion was supported by the affidavit of plaintiff and set forth that the motion "will be made under the provisions of Section 473, Code of Civil Procedure, on the grounds that the said Dismissal With Prejudice was signed, filed and entered by mistake, without any authority from the plaintiff, as will appear from her affidavit. . . ."

In her foregoing affidavit filed in support of her motion plaintiff averred in part as follows:

"That affiant at no time authorized C. Ransom Samuelson or Robert A. Wenke (her then attorneys) to dismiss, compromise or settle said action for any sum or at all; that affiant did not at any time sign any release of the claim which constitutes the cause of action against the defendant; that affiant did not at any time authorize the acceptance of any check, or endorse any check in settlement of her claim as set forth in her lawsuit.

"That affiant has fully informed her present attorney, Frank J. Kanne, Jr., of the facts surrounding her cause of action against the defendants and has been advised that her claim is reasonably worth a sum substantially in excess of $600.00; that affiant has been informed by her former attorneys, C. Ransom Samuelson and Robert A. Wenke, that they accepted a draft in the sum of $600.00 tendered in behalf of the defendant at the time that the said attorneys, C. Ransom Samuelson and Robert A. Wenke, executed, filed and caused to be entered the Dismissal with Prejudice of the within action."

In opposition to plaintiff's motion, defendant in the trial court urged the following grounds:

"1. That the affidavit of Nell S. Robinson in support of her motion to vacate is insufficient in that it does not set forth

facts showing any mistake either on the part of herself or of her then attorneys of record;

"2. That the affidavit of merits is insufficient in law;

"3. That an executed agreement for Dismissal with Prejudice, followed by the filing of a formal written Dismissal with Prejudice with the Clerk, cannot be set aside over the objection of defendant;

"4. That plaintiff has failed to show affirmatively that she has exercised due diligence in prosecuting the motion after discovery of the facts."

Appellant concedes that it is now well established in our law that appellate tribunals have always been and now are favorably disposed, in proceedings such as the one now before us, toward such action by trial courts as will permit, rather than prevent, the adjudication of legal controversies upon their merits. That, as was said in *Jones* v. *Title Guaranty & Trust Co.*, 178 Cal 375, 376, 377 [173 P. 586], "This court has always looked with favor upon orders excusing defaults and permitting controversies to be heard upon their merits. Such orders are rarely reversed, and never 'unless it clearly appears that there has been a plain abuse of discretion.'"

However, appellant urges that while a large amount of discretion is reposed in a trial court, the ensuing decision of the court must be predicated upon sound considerations consistent with the showing made for the relief sought. That, as was said in *Bailey* v. *Taaffe*, 29 Cal. 422, 424, "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which Judges are guided to a conclusion, the judgment of the Court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the Court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other."

■ It is earnestly urged by appellant that in the light of the foregoing rules, the trial court, upon the showing made herein, abused the legal discretion vested in it by granting the aforesaid motion, because, among other considerations, "the settlement was made upon the merits by the parties." With this we cannot agree. The very gist of respondent's motion to vacate the dismissal was the fact that without her knowledge or consent she was deprived of her day in court to litigate her claim upon the merits.

■ Appellant insists, however, that the averments contained in respondent's supporting affidavit were insufficient to justify the court's action in setting aside the dismissal with prejudice. That respondent's affidavit set forth mere conclusions rather than facts. We do not, however, regard as conclusions, but rather as unequivocal facts, the recitals in respondent's affidavit (1) that she at no time authorized her attorneys to dismiss, compromise or settle said action for any sum or at all; (2) that she did not at any time sign any release of her claim; (3) that she did not at any time authorize the acceptance of any check, or endorse any check, in settlement of her claim; (4) that on June 4, 1952, her then attorney signed a dismissal with prejudice of the case, which was filed on June 6, 1952, and entered on June 10, 1952.

Appellant's claim that if respondent desired to show that her attorneys mistakenly believed that they had the authority to make the agreement of settlement on her behalf with appellant, "the simplest and most direct and most satisfactory evidence would have been the statement of the attorney to that effect," is answered by appellant's own admission that "those attorneys participated in the hearing." Such being the case, their testimony was available to appellant, but was not offered. In the affidavit of appellant's attorney the only challenge to the existence of the "mistake" urged by respondent was by averments predicated upon information and belief or denials based upon lack of information or belief.

■ And whether respondent's attorneys acted under a mistaken belief that they were authorized by her to settle the litigation or that they had the right to dismiss the case without express authority from their client, is beside the point. Her affidavit clearly avers that she did not authorize any settlement or compromise and did not sign any release or accept any money. It has been held that a misunderstanding between an attorney and client furnishes a proper and sufficient basis to set aside a default judgment resulting from such misunder-

standing. (*Alvarado* v. *Sunset Supper Club*, 57 Cal.App. 640, 641 [207 P. 940].) ▇ We are satisfied that such a misunderstanding may also furnish grounds for setting aside an order such as the one which we are here concerned.

▇ Furthermore, no prejudice will ensue to appellant from the granting of the motion in the instant case. It is only logical to assume that whatever preparation for a defense was desired was made prior to the payment of the $600 in return for the dismissal. The parties will have their day in court for a determination of the controversy upon the merits, which is the policy of the law, declared over and over again in the appellate decisions of this state.

Appellant's contention that the affidavit of merit was insufficient to warrant setting aside the dismissal with prejudice cannot be sustained. Without here repeating the averments of the affidavit of merits, suffice it to say that the same was sufficient in form and substance. Moreover, it was aided by a verified complaint and answer, which were before the court upon the hearing of the motion, now before us on this appeal, and which raised material issues.

▇ Appellant next challenges the order of the court upon the ground that an executed agreement for a retraxit or abandonment and dismissal of respondent's cause of action cannot be set aside pursuant to the provisions of section 473 of the Code of Civil Procedure. It is true that the cases seem to hold that a distinction should be drawn between a situation where one attempts to set aside a compromise already completed, and where one attempts to enforce an agreement to compromise. (*Trope* v. *Kerns*, 83 Cal. 553, 556 [23 P. 691]; *Woerner* v. *Woerner*, 171 Cal. 298, 299 [152 P. 919]; *Preston* v. *Hill*, 50 Cal. 43 [19 Am. Rep. 647].) But in the instant case we have concluded that the so-called compromise was never completed. Respondent at no time signed any release or compromise, nor did she authorize anyone else so to do. Neither did respondent accept any check or money or authorize anyone else to do so in her behalf. ▇ In California it is settled law that mere employment of an attorney to represent a client in litigation does not carry with it the power to compromise that litigation. (*Burns* v. *McCain*, 107 Cal.App. 291, 294 [290 P. 623]; *Jones* v. *Noble*, 3 Cal.App.2d 316, 320 [39 P.2d 486].) We have carefully examined the authorities cited by appellant in his brief with reference to the finality of a dismissal with prejudice, which is the modern name for a retraxit, and which citations give evidence

of commendable diligence and research, but we are satisfied that under the facts of this proceeding, where the agreement of compromise was never completed, the cited cases are not controlling. And we are equally satisfied that while section 473 of the Code of Civil Procedure is generally used by defendants to secure relief from default, it is also available to secure relief in a situation such as is here presented, and that the court had the power to grant the motion upon the stated grounds thereof. (*Isaacs* v. *Jones,* 135 Cal.App. 47, 48 [26 P.2d 533].)

Finally, appellant complains that respondent's affidavit in support of her motion fails to affirmatively show that she exercised due diligence in prosecuting her motion after discovery of the facts. It is true that a prime requisite for relief under section 473 of the Code of Civil Procedure is that the party claiming injury through mistake, etc., shall show affirmatively diligence on his part after discovery of the fact. However, the question of due diligence is dependent upon the facts of each individual case. In the proceeding now before us, the dismissal with prejudice was filed June 6, 1952, and the motion to vacate the same was filed September 10, 1952—some three months and four days later. The circumstances presented in the case at bar reflect that respondent lost confidence in her former attorneys; that on September 4, 1952, she selected her present counsel; and that the notice of motion under section 473 of the Code of Civil Procedure was filed by the latter under date of September 10, 1952. The decision to terminate the services of her former attorneys and to seek new counsel necessarily took some time. Also time was required for respondent's present counsel to investigate the matter, advise with his client and commence appropriate proceedings to remedy the mistake allegedly made by her former counsel. The legal principles underlying the granting of motions under section 473 of the Code of Civil Procedure are comparatively simple and have frequently been announced by our appellate courts. In passing upon such applications the trial court is to exercise a sound and legal discretion. It is also well established that it is the policy of the law to bring about a trial on the merits whenever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing to a litigant his day in court and a trial upon the merits. Tested by these legal principles, we are persuaded that in

the instant proceeding there was no abuse of discretion on the part of the trial court in granting respondent's motion.

The order appealed from is affirmed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.

A petition for a rehearing was denied September 3, 1953, and appellant's petition for a hearing by the Supreme Court was denied October 8, 1953. Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.