Arthur ELLERD, on his own behalf
and others similarly situated,
Plaintiff—Appellant,

v.

COUNTY OF LOS ANGELES,
a California municipality,
Defendant—Appellee.

Tammy Le, on her own behalf and
others similarly situated,
Plaintiff—Appellant,

v.

County of Los Angeles, a California
municipality, Defendant—
Appellee.

Nos. 06–56417, 06–56419.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2008.*

Filed April 15, 2008.

Joseph Hawkins Low, IV, Esq., The
Law Firm of Joseph H. Low IV, Long
Beach, CA, Megan A. Richmond, Orange,
CA, for Plaintiff–Appellant.

Robert H. Philibosian, Esq., Sheppard
Mullin Richter & Hampton, LLP, Los An-
geles, CA, for Defendant–Appellee.

Before: BEEZER, T.G. NELSON, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Arthur Ellerd and Tammy Le appeal
the district court's orders enforcing a set-
tlement agreement between Ellerd, Le and
the County of Los Angeles.

We have jurisdiction to review the dis-
trict court's final orders enforcing the set-
tlement agreement under 28 U.S.C.
§ 1291. *See Adams v. Johns–Manville
Corp.*, 876 F.2d 702, 704 (9th Cir.1989).

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

We review enforcement of a settlement agreement for an abuse of discretion. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir.2002). "Reversal is appropriate only if the court based its decision on an error of law or clearly erroneous findings of fact." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir.1994) (quotation omitted).

The parties dispute whether federal or state law governs the determination that the parties reached an enforceable settlement. It is unnecessary for us to decide this issue because to the extent that federal and California law differ, the result is the same even under the law most favorable to Ellerd and Le.

Under both California and federal law, settlement agreements are unenforceable when an essential term is uncertain or undefined. *See Transamerica Equip. Leasing Corp. v. Union Bank*, 426 F.2d 273, 274 (9th Cir.1970); *Lindsay v. Lewandowski*, 139 Cal.App.4th 1618, 43 Cal. Rptr.3d 846, 849 (2006). Here, all of the material terms—such as the amount of the settlement—are sufficiently definite. The payout formula is a logistical detail on which there is no genuine disagreement in light of the County's willingness to abide by any formula proposed by Ellerd and Le not inconsistent with the Terms of Settlement. No evidentiary hearing is required because there is no dispute over material terms. *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987).

Le argues that she is not bound by the Terms of Settlement because she did not personally sign it, only her attorney did. Under California law, the most favorable to Le's position, the County has the burden to show that Le gave express authority to her lawyer, ratified the settlement, or executed the settlement herself. *See Blanton v. Womancare, Inc.*, 38 Cal.3d 396, 212 Cal.Rptr. 151, 696 P.2d 645, 652

(1985); *Jones v. Noble,* 3 Cal.App.2d 316, 39 P.2d 486, 489 (1934). The County came forward with evidence from which an inference can be drawn that Le's lawyer had the express authority to settle the case on her behalf. In response, Le presented a declaration stating that *she* did not agree to the settlement. Conspicuously missing is any statement to the effect that her lawyer was not authorized to act on her behalf.

**AFFIRMED.**