[No. 9075.    Department One. — January 28, 1886.]

## COMMERCIAL UNION ASSURANCE COMPANY, APPELLANT, *v.* AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS, RESPONDENT.

INSURANCE — LIABILITY OF REINSURER — COMPROMISE OF LOSS BY INSURER. — The plaintiff insured a certain building against loss by fire, and reinsured itself against the same risk with the defendant. The building having been burned, the party insured brought an action against the original insurer to recover for the loss, of which the reinsurer was notified. The two companies thereupon agreed that the action should be resisted, and that the plaintiff should control the defense for itself and as agent of the defendant. The plaintiff, instead of contesting the action, and without the consent or knowledge of the defendant, abandoned its defense, com-

promised the claim with the party insured, and had the action dismissed. This action was brought to recover from the defendant its *pro rata* proportion of the moneys paid, and the expenses incurred by the plaintiff in the former action. *Held,* that the defendant was not liable.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Chickering & Thomas,* for Appellant.

*T. C. Van Ness,* for Respondent.

McKEE, J.—Appeal from a judgment of nonsuit in an action upon a policy of insurance.

From the record on appeal it appears that the Commercial Assurance Company issued a policy of fire insurance to W. B. Bartlett for the benefit of Alexander Forbes, doing business under the name of Forbes Brothers, upon a building known as the Eureka Odd Fellows' Association Building in Eureka, state of Nevada, and afterward, on the same day, insured itself in the American Central Insurance Company against the risk which it had taken.

After some months the insured building was destroyed by fire. The person entitled to the benefit of the insurance gave notice of the loss to his insurer, who notified the reinsurer, and the two companies, upon consultation, came to the conclusion that the claim presented for loss was illegal and unjust, and refused to pay. Forbes Brothers thereupon brought an action against the original insurer to recover the loss, of which the reinsurer was notified; and the two companies again agreed that the action should be resisted and contested, and that the original insurer, as defendant in the action, should have the conduct, management, and control of the contest for itself, and as agent of the reinsuring company.

Pursuant to that agreement, the defendant in the action filed an answer, and made some preparations for

trial, but never brought the case to trial. On the contrary, pending the action, it abandoned the defense of it, compromised and settled the claim with the plaintiff, had the action dismissed, and then brought the action in hand to recover from the reinsurer its *pro rata* proportion of the moneys paid, and the costs and expenses incurred in the original action.

The policy of reinsurance was a contract of indemnity to the original insurer against liability for the risk it had taken (Civ. Code, sec. 2646); and when the loss occurred by the destruction of the insured property, it became a question whether the insurers were liable to pay the claim which was presented for the loss. Both the original insurer and reinsurer determined that no liability to pay attached; and agreed that the action brought to recover the loss should be defended. For that purpose the original insurer was authorized to act as agent of the reinsurer in making its defense; and it was bound, in the exercise of its authority, to defend the action until the question of liability was adjudicated. (Civ. Code, sec. 2778, sub. 4.) Any judgment rendered against it in the action would have conclusively established its liability, and also the liability of the reinsurer upon its policy, for it is a well-settled rule that where one is bound to protect another from liability he is bound by the result of a litigation to which such other was a party, provided he had notice of the litigation, and opportunity to control and manage it; the rule being subject to the qualification that the litigation must have been carried on without fraud or collusion, and conducted in a reasonable manner. (*Le Blanch* v. *Wilson*, L. R. 8 C. P. 227; *Globe Insurance Company* v. *Globe Mutual Insurance Company*, 35 Pa. St. 479; *Robbins* v. *City of Chicago*, 4 Wall. 657.)

But the original insurer did not defend the action, and there was no adjudication of the question of liability. In its control and management of the action, it

acknowledged its liability by abandoning all defenses to it, and compromised and settled with the party it had insured. This it had a right to do, so far as the question of its own liability was concerned; and as there was no privity of contract between the original insured and the reinsured, the latter could not legally object to or prevent such a compromise. (Civ. Code, sec. 2649.) But the original insurer had no power, under the authority conferred upon it, to defend the action for the reinsurer and itself, to compromise and settle the claim so as to bind the reinsurer, unless the latter had knowledge of the compromise, and consented to it or approved of it. (*Preston* v. *Hill*, 50 Cal. 43.)

In that particular the plaintiff failed to make out a case. The fact is admitted by the pleadings that the compromise, settlement, and payment of the original claim were made on the 12th of September, 1881, and the evidence offered by the plaintiff showed that the reinsurer had no knowledge of the compromise, settlement, and payment until several days after they were made, when it heard of them by a verbal notice given to its chief clerk by one of the clerks of the plaintiff; and upon that informal notice it objected and protested against the compromise.

The plaintiff failed to make out a case, and the court properly granted a nonsuit.

Judgment and ordered affirmed.

Ross, J., and McKinstry, J., concurred.