[Civ. No. 2413. Second Appellate District, Division One.—March 21, 1919.]

## PETER GRBAVACH, Respondent, v. CASUALTY COMPANY OF AMERICA (a Corporation), Appellant.

[1] INSURANCE LAW—REINSURANCE—ACTION ON POLICY—PLEADING.— In an action against an insurance company and its reinsurer, an allegation that a certain reinsurance agreement was made "under the terms of which said . . . [reinsurer] reinsured all of the outstanding liability of defendant . . . [insurance company]," standing by itself does not show that such an agreement was made as to make the reinsurer liable to plaintiff for damages for personal injuries suffered by him while he was being conveyed as a passenger in an automobile, the driver of which carried insurance protection by policy issued by the defendant insurance company.

[2] ID.—INTEREST OF INSURED IN REINSURANCE.—The original insured has no interest in a contract of reinsurance.

[3] ID.—ACTION AGAINST REINSURER—CONDITIONAL REINSURANCE—INSUFFICIENT EVIDENCE.—In an action against an insurance company and its reinsurer, the evidence is insufficient to show any liability against the latter, where the only evidence offered is the contract of reinsurance, which provides that the reinsurer will adjust and settle the claims and losses of the insurance company in consideration of the assignment to such reinsurer in cash or securities of an amount equal and corresponding to the aggregate amount of the company's legal loss reserves as of a certain date, and no proof is made of compliance with such provision of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. E. P. Shortall, Judge Presiding. Reversed.

Bowen & Bailie for Appellant.

H. W. Kidd for Respondent.

JAMES, J.—The plaintiff herein recovered judgment against one Reed for personal injuries alleged to have been suffered while the plaintiff was being conveyed as a passenger in an automobile operated by the said Reed. Reed carried insurance protection by policy issued by the defendant Pacific Coast Casualty Company. By the terms of that policy the insurance company agreed that its liability thereunder would

inure to the benefit of any person who recovered judgment against the insured. Taking advantage of that condition, plaintiff, after securing judgment against Reed, brought this action against defendant Pacific Coast Casualty Company and joined defendant Casualty Company of America because of the fact that the latter company had entered into a certain reinsurance agreement with the defendant first named. The Casualty Company of America disclaimed any liability to the plaintiff here and appeals from the judgment entered against it.

It is insisted that in the complaint of plaintiff no cause of action was stated as against the appellant, and, further, that the evidence was insufficient to show that any liability had accrued under the alleged reinsurance agreement. It requires, indeed, a most liberal interpretation of the language used in the complaint in order to sustain it as sufficient in its statement of a cause of action against appellant. That portion of the complaint which purports to show such liability is as follows: "That as plaintiff is informed and believes and therefore alleges, on or about February 28th, 1916, the defendant Casualty Company of America entered into a certain re-insurance agreement with the defendant Pacific Coast Casualty Company, under the terms of which said Casualty Company of America re-insured all of the outstanding liability of defendant Pacific Coast Casualty Company, including the liability of said Pacific Coast Casualty Company by reason of the execution of the policy of insurance before mentioned, and said Casualty Company of America thereupon assumed all outstanding liability of said Pacific Coast Casualty Company, including all liability by reason of the execution of said policy of insurance by the defendant Pacific Coast Casualty Company." [1] The allegation that a certain reinsurance agreement was made and that "under the terms of which said Casualty Company of America reinsured all of the outstanding liability of defendant Pacific Coast Casualty Company," standing by itself, certainly does not show that such an agreement was made as to make the appellant liable for the damages alleged. [2] Under the code provisions, the original insured has no interest in a contract of reinsurance. (Civ. Code, sec. 2649; *Commercial Union Assur. Co.* v. *American Central Ins. Co.*, 68 Cal. 430, [9 Pac. 712].) By the language quoted, nothing is de-

scribed other than a contract of reinsurance such as defined by section 2646 of the Civil Code, and unless the latter part of the allegation quoted, that ''said Casualty Company of America thereupon assumed all outstanding liability of said Pacific Coast Casualty Company, including all liability by reason of the execution of said policy of insurance by the defendant Pacific Coast Casualty Company,'' shows an extension of liability beyond that of an ordinary contract of reinsurance, the complaint was insufficient. The use of the words, ''assumed all outstanding liability,'' may, perhaps, import that the contract was so extended, and under such construction it would be proper to hold that a sufficient cause of action is stated. [3] However, we think that the second point made as to there being a lack of evidence to substantiate the allegations of the complaint must be sustained. Plaintiff offered in evidence the alleged reinsurance agreement, from which it appeared that upon certain conditions stated—plainly prerequisite—the appellant agreed to adjust and settle the ''claims and losses'' of the Pacific Coast Company. As consideration therefor, the Pacific Coast Company was to ''transfer, assign and set over to the 'Casualty' in cash or securities acceptable to the 'Casualty,' an amount equal and corresponding to the aggregate amount of the 'Pacific's' legal loss reserves as of December 31st, 1915. . . .'' Plaintiff made no proof or showing that the Pacific Coast Company had complied with its obligations under the contract; hence, it would follow that there was no evidence from which it could be inferred that conditions had occurred which would require this appellant to settle the claims and losses of the Pacific Company. The appellant admitted the execution of the agreement and the filing thereof with the insurance commissioner of the state of California, but objected to the introduction in evidence of the same on the general ground that the evidence was incompetent, irrelevant, and immaterial. The case as made by the evidence of the plaintiff was incomplete, and for that reason the judgment cannot be maintained.

The judgment appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.