[No. B070891. Second Dist., Div. Four. Nov. 17, 1994.]

UNITED STATES ELEVATOR CORPORATION, Cross-complainant and Appellant, v.
PACIFIC INVESTMENT COMPANY, Cross-defendant and Respondent.

## COUNSEL

Knapp, Petersen & Clarke, Stephen M. Harris and Yu-Feng Frances Chou for Cross-complainant and Appellant.

Norby & Brodeur, Paul D. Loreto and Kim Anderson for Cross-defendant and Respondent.

## OPINION

**VOGEL (C. S.), J.**—This action upon an indemnity contract was tried by the court upon agreed facts. The court found that appellant United States Elevator Corporation (Elevator) is not entitled to indemnity from respondent Pacific Investment Company (Pacific) for Elevator's costs of defending a third party lawsuit. We reverse.

### BACKGROUND

Pacific owned a building in Pacific Palisades. Pacific contracted with Elevator to service Pacific's elevator for $75 a month. The service contract had the following indemnity clause, which was drafted by Elevator: "[Pacific] will indemnify [Elevator] against all claims, demands, and liability for damages for death or bodily injury to persons . . . arising out of or connected with the use, installation or maintenance of the elevator."

While in Pacific's building as a business invitee, Earla Hanold tripped and fell as she entered the elevator, which was below level when the doors opened. Hanold sued Pacific, Elevator, and the manufacturer of the elevator.

Elevator tendered the defense to Pacific, which Pacific refused. Subsequently, however, Pacific settled Hanold's lawsuit for $100,000; Hanold dismissed her lawsuit, with prejudice, as to all defendants including Elevator. Thus the underlying personal injury judgment was in favor of Elevator; Elevator was not adjudged liable for Hanold's injuries. Furthermore, Elevator made no payment to Hanold or contribution to the settlement.

In its cross-complaint against Pacific for express indemnity pursuant to the service contract, Elevator sought to recover its costs and attorney fees incurred in defending against Hanold's complaint.[1]

On trial of the cross-complaint, the trial court held Pacific had no obligation to indemnify Elevator for these costs in the absence of either a judgment against Elevator or payment by Elevator on Hanold's claim.

We reverse, concluding that Civil Code section 2778, subdivision 4 imposed on Pacific a duty to defend Elevator from Hanold's claim; therefore Pacific can be liable for Elevator's defense costs.

### DISCUSSION

An indemnity provision of a contract is to be construed under the same rules governing contracts in general, with a view to determining the intent of the parties. In addition, Civil Code section 2778 provides rules of interpretation of a contract of indemnity, unless a contrary intention appears in the document. (*Gribaldo, Jacobs, Jones & Associates* v. *Agrippina Versicherunges A.G.* (1970) 3 Cal.3d 434, 442 [91 Cal.Rptr. 6, 476 P.2d 406] [hereafter *Gribaldo*].) In the absence of extrinsic evidence the interpretation of the contract in light of the statute is a question of law for this court. (*Id.* at p. 445.)

As the trial court observed, the contract does not *expressly* indemnify Elevator for attorney fees, costs, or expenses. It does not provide to hold Elevator harmless from all expenses; it indemnifies only against all "claims, demands, and liability for damages for death or bodily injury . . . ." Elevator misplaces reliance on cases where a broadly worded indemnity clause expressly provided for attorney fees or all expenses and costs. (*Hillman* v. *Leland E. Burns, Inc.* (1989) 209 Cal.App.3d 860, 866 [257 Cal.Rptr. 535] [" 'all claims, damages, losses and expenses including attorneys' fees' "]; *County of San Joaquin* v. *Stockton Swim Club* (1974) 42

---

[1]Trial was bifurcated to address first the issue of liability. Determination of the amount to be reimbursed was deferred. The amount of Elevator's costs is not shown by the present record.

Cal.App.3d 968, 971, 973 [117 Cal.Rptr. 300] ["sweeping" indemnity clause agreeing to hold indemnitee " 'free and harmless from any loss, damage, liability, cost or expense that may arise during or be caused in any way by' " use of the property]; *Schackman* v. *Universal Pictures Co.* (1967) 255 Cal.App.2d 857, 858 [63 Cal.Rptr. 607] [" 'hold . . . harmless from and against all losses, damages, costs and expenses incurred' " because of any injury or death occurring on property]; *Citizens Suburban Co.* v. *Rosemont Dev. Co.* (1966) 244 Cal.App.2d 666, 683, fn. 6 [53 Cal.Rptr. 551] [" 'hold . . . harmless from any and all claims, demands, liabilities, losses, costs or expenses which it may suffer, incur or be put to . . . .' "].)

This does not end the inquiry, however, because Civil Code section 2778 imposes rules of interpretation for indemnity contracts, unless a *contrary* intention appears. (E.g., *Goodman* v. *Severin* (1969) 274 Cal.App.2d 885, 896-897 [79 Cal.Rptr. 555] [contract silent as to costs of defense interpreted in light of Civ. Code, § 2778, subds. 3 and 4]; *Hertzka & Knowles* v. *Salter* (1970) 6 Cal.App.3d 325, 330 [86 Cal.Rptr. 23] [same].)

Civil Code section 2778 provides in pertinent part: "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: [¶] 1. Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable; [¶] 2. Upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof; [¶] 3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion; [¶] *4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so;* [¶] 5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former . . . ." (Italics added.)

Pacific contends it has no present liability to indemnify Elevator pursuant to Civil Code section 2778, subdivision 1, because Elevator never was adjudged liable to Hanold. (See *Alberts* v. *American Casualty Co.* (1948) 88 Cal.App.2d 891, 899 [200 P.2d 37] [on an indemnity for liability, the indemnitee becomes entitled to indemnity when liability is legally imposed; the indemnitee need not have paid the judgment].)

Pacific contends it has no present liability to indemnify Elevator pursuant to Civil Code section 2778, subdivision 2, because Elevator never paid anything to Hanold. (*Gribaldo, supra,* 3 Cal.3d at p. 447 [on an indemnity for claims or demands, an indemnitor is not liable for a claim against the indemnitee until the indemnitee suffers actual loss by being compelled to pay the claim].)

Pacific contends that if no indemnity is presently owed under Civil Code section 2778, subdivisions 1 or 2, then there is no liability to pay Elevator's defense costs and attorney fees under subdivisions 3, 4, or 5. Pacific contends its interpretation is supported by *Gribaldo,* where the court said, "The trial court properly determined that by applying subdivision 3 of section 2778 defendants were only obligated to reimburse plaintiffs for the costs, expenses and attorney fees in the defense of claims actually paid by plaintiffs in a sum in excess of the deductible amount of $2,500. . . . As properly analyzed by the trial judge in his 'Memorandum Decision,' subdivision 3 must be considered in connection with subdivision 2 with respect to what is meant by indemnification of a 'claim.' *Accordingly, the costs and expenses referred to in subdivision 3 are those attendant to a claim which results in a loss within the purview of subdivision 2.*" (*Gribaldo, supra,* 3 Cal.3d at p. 447, italics added.)

Pacific's contention is not persuasive, because Pacific relies on a distinguishable portion of *Gribaldo* discussing Civil Code section 2778, subdivision 3 and ignores another portion of *Gribaldo* discussing subdivision 4. The insurance policy in *Gribaldo* had a $2,500 deductible. The indemnitor/insurer had no duty whatsoever with regard to claims resulting in a loss under $2,500; all risk involving claims resulting in a loss under $2,500 was on the indemnitee in accordance with the intention of the parties. In that context, the court held that the costs of defense of a claim which resulted in a payment by the indemnitee not exceeding $2,500 was not embraced within the indemnity by the language of subdivision 3.

After discussing Civil Code section 2778, subdivision 3 at page 447, *Gribaldo* went on to discuss "The Duty to Defend" and subdivision 4 at pages 448-450 (with respect to claims paid in amounts exceeding $2,500). The court held that unless a contract excludes a duty to defend (i.e., unless "a contrary intention appears"), "*It is clear that under the provisions of subdivision 4 of section 2778 the indemnitor is required to defend matters embraced by the indemnity if the indemnitor is requested to do so by the indemnitee.*" (*Gribaldo, supra,* 3 Cal.3d at p. 448, italics added; see also *Davis* v. *Air Technical Industries, Inc.* (1978) 22 Cal.3d 1, 6, fn. 6 [148

Cal.Rptr. 419, 582 P.2d 1010] ["Where one party has agreed to indemnify the other against liability, Civil Code section 2778, subdivisions 3 and 4 require the indemnitor to defend the indemnitee or pay the cost of the indemnitee's defense"]; *Assurance Co. v. Insurance Co.* (1886) 68 Cal. 430, 432 [9 P. 712] [under subd. 4, indemnitor had duty "to defend the action until the question of liability was adjudicated"].)[2]

The reasons the Supreme Court found no duty on the particular facts of the *Gribaldo* case were (1) the contract *did* expressly exclude the duty to defend (i.e., a contrary intention appeared), and (2) even if the contract did not exclude the duty to defend, the indemnitee waived it by failing to request the indemnitor to provide a defense. (*Gribaldo, supra,* 3 Cal.3d at pp. 448-449.)

*Gribaldo* concluded, "Had plaintiffs made the statutory demand, defendants would have been required to choose between accepting the defense at their expense, consenting to the expenditure of defense costs by plaintiffs' attorney, or refusing to defend (in which case plaintiffs could have assumed the defense at defendants' expense)." (*Gribaldo, supra,* 3 Cal.3d at p. 450.)

In the present case, Elevator *did* demand that Pacific provide Elevator a defense against Hanold's claims. Hanold's claims clearly arose from the use, installation, or maintenance of the elevator and thus were embraced within the contractual promise of indemnity against such claims. In these circumstances, Civil Code section 2778, subdivision 4 directly imposed on Pacific the duty to defend upon Elevator's request, or to pay Elevator's defense costs.[3]

 We find no merit to Pacific's argument that by settling with Hanold, without liability or contribution by Elevator, Pacific can avoid any duty under Civil Code section 2778, subdivision 4. If Pacific can avoid paying Elevator's defense costs, Elevator would indirectly contribute to Hanold's settlement. Pacific could afford to be more generous to Hanold if

---

[2]Accord, Restatement of Restitution, section 80, comment b, page 357; *St. Paul Fire & Marine Ins. Co. v. Crosetti Bros., Inc.* (1970) 256 Ore. 576 [475 P.2d 69, 70, 71]; *Blair v. County of Albany* (1987) 127 A.D.2d 950 [512 N.Y.S.2d 552, 553]; 42 Corpus Juris Secundum (1991) Indemnity, section 20, page 107; 41 American Jurisprudence Second, Indemnity, section 36, page 726.

[3]The parties' contract contains an express exception to Pacific's duty to indemnify: "However, this indemnity will not extend to any loss, damage or expense arising out of the sole negligence or willful misconduct of [Elevator] or its employees." Pursuant to the agreed bifurcation of issues (fn. 1, *ante*), the trial court postponed until the next phase any determination whether the injuries were caused by the sole negligence or willful misconduct of Elevator. This issue may be raised by Pacific on remand.

Pacific bore no expense for Elevator's defense costs. We do not construe Civil Code section 2778 to afford that advantage to an indemnitor.

### DISPOSITION

The judgment is reversed with directions to conduct such further proceedings as necessary, in accordance with the views expressed herein. Costs on appeal are awarded to Elevator.

Woods (A. M.), P. J., and Epstein, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 2, 1995.