[No. D029541. Fourth Dist., Div. One. July 22, 1999.]

UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff and Appellant, v.
SNAPPY CAR RENTAL, INC., Defendant, Cross-complainant and Respondent;
FRED AZARES et al., Cross-defendants and Appellants.

**[Opinion certified for partial publication.*]**

*The opinion is certified for publication with the exception of part I.

**Counsel**

Bailey & Kornblum, Don E. Bailey, Guy O. Kornblum and Gerald Clausen for Plaintiff and Appellant and for Cross-defendants and Appellants.

Neal, Haushalter & O'Neill, Scott W. O'Neill and Terry S. Dall for Defendant, Cross-complainant and Respondent.

Hardin, Cook, Loper, Engel & Bergez and Chris P. Lavdiotis for the Hertz Corporation and Dollar Rent-a-Car System, Inc., as Amici Curiae on behalf of Defendant, Cross-complainant and Respondent.

Epstein & Turner and David B. Epstein for Alamo Rent-a-Car and National Car Rental System, Inc., as Amici Curiae on behalf of Defendant, Cross-complainant and Respondent.

## Opinion

**O'ROURKE, J.**—United Services Automobile Association (USAA), Fred Azares and Gail Caldwell appeal summary judgments in favor of Snappy Car Rental, Inc. (Snappy) on USAA's second amended complaint for declaratory relief, equitable subrogation and indemnity, and violations of Business and Professions Code section 17200 and on Snappy's cross-complaint for indemnity, breach of contract and declaratory relief against Azares and Caldwell. The court rejected USAA's contentions that: (1) Snappy's rental vehicle registration card, together with its deposit of cash made with the California Department of Motor Vehicles (DMV) should be considered a "policy of automobile liability insurance" under Insurance Code[1] section 11580.9, subdivision (h), and should be conclusively presumed to provide primary coverage under section 11580.9, subdivision (d); (2) that each car rental agreement signed by Azares and Caldwell along with Snappy's deposit of cash constitutes a "policy of automobile liability insurance" under section 11580.9, subdivision (h); and (3) Snappy was not entitled to indemnity from Azares and Caldwell for attorney fees and costs incurred in defending USAA's claims for declaratory relief, equitable subrogation, and violation of Business and Professions Code section 17200. We affirm.

### Background

This case was decided on stipulated facts. Caldwell and Azares are USAA insureds under automobile liability policies who rented automobiles from Snappy. Each individual signed rental contracts providing that "No Liability Insurance [is] Provided by Snappy" and containing indemnity clauses stating that the renter would indemnify Snappy "from all claims, liabilities and expenses for bodily injury, death or property damage, arising out of the use, operation, or possession" of the rental car during the period of rental. Each affirmed that he or she had a valid policy of automobile liability insurance in force for bodily injury or death of another, and for property damage. Each declined to purchase automobile liability insurance from Snappy. Snappy meets its California automobile insurance obligations by making a deposit of cash with the DMV in compliance with Vehicle Code section 16054.2. The parties do not dispute that Snappy's deposit of cash did not describe or rate their rental cars.

Azares and Caldwell were involved in separate accidents while driving rental cars, and third party claims were made against them. USAA and Snappy each tendered to the other the defense and indemnity of the claims. The claims were ultimately defended and settled by USAA.

---

[1] All statutory references are to the Insurance Code unless otherwise indicated.

Snappy moved for summary judgment or alternatively summary adjudication to determine the issue of priority of insurance coverage and indemnity owed by Azares and Caldwell. USAA made its own motion for summary judgment or alternatively summary adjudication on the same coverage issues. The court granted Snappy's motions but did not make an express ruling on USAA's motion. USAA acknowledges that its motion was denied by implication.

## DISCUSSION

### I.  *Priority of Insurance Coverage**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### II.  *Indemnity to Snappy by Azares and Caldwell*

USAA contends the court misinterpreted the indemnity clauses in Snappy's rental agreements to obligate Azares and Caldwell to defend and indemnify Snappy against USAA's action for declaratory relief, subrogation and violation of Business and Professions Code section 17200. We disagree.

The interpretation of an indemnity provision that was construed by the trial court without the aid of extrinsic evidence is a question of law on appeal. (*Building Maintenance Service Co.* v. *AIL Systems, Inc.* (1997) 55 Cal.App.4th 1014, 1021 [64 Cal.Rptr.2d 353].) "An indemnity provision of a contract is to be construed under the same rules governing contracts in general, with a view to determining the intent of the parties." (*United States Elevator Corp.* v. *Pacific Investment Co.* (1994) 30 Cal.App.4th 122, 125 [35 Cal.Rptr.2d 382].) Under the rules of contract interpretation, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Civ. Code, § 1641.)

Section 7 of the rental contract, entitled "Liability, Indemnification and Insurance," states in part:

"A. I represent to You that I have a valid policy of automobile liability insurance in force for bodily injury or death of another, and for property damage. You are relying upon My representation about My automobile insurance and You are not providing automobile liability insurance, or any other form of insurance covering the Car, to Me or to any other person using or riding in the Car while it is on rent to Me.

"B. I and all Authorized Renters will defend, indemnify, and hold You harmless from all claims, liabilities and expenses for bodily injury, death or

---

*See footnote, *ante*, page 461.

property damage, arising out of the use, operation, or possession of the Car by anyone while the Car is on rent to Me." The parties stipulated that "USAA has filed a subrogation claim for the defense and indemnification paid by USAA on behalf of its insureds . . . against Snappy." They further stipulated, "Snappy has demanded that the renters, [Azares and Caldwell], indemnify, defend and hold Snappy harmless from any and all claims, including the subrogation claim of USAA and has filed express indemnification cross-complaints against [Azares and Caldwell], in accordance with the contracts executed by [them] with Snappy." By its complaint, USAA sought recovery of the moneys it paid for the bodily injury and damages arising from the accidents. USAA's claims fall directly into the category of "expenses for bodily injury . . . or property damage, arising out of the use, operation, or possession" of the rental vehicle. The costs and attorneys fees expended by Snappy in defending USAA's subrogation claim were properly recoverable by Snappy under the rental agreement. (Civ. Code, § 2778.)

USAA further contends that Azares's and Caldwell's obligation to indemnify Snappy does not include the defense of USAA's claims for declaratory relief or violation of Business and Professions Code section 17200. We reject this argument. But for the accidents and resulting personal injury claims, USAA would not have filed its complaint against Snappy. The purpose of USAA's claims for declaratory relief and violation of Business and Professions Code section 17200 was to shift the resulting liability from Azares and Caldwell to Snappy. Consequently, Snappy is entitled to indemnity for the defense of these claims under the rental agreement.

DISPOSITION

The judgments are affirmed.

Huffman, Acting P. J., and Nares, J., concurred.